## BLANC v. TENNESSEE COAL, IRON & RAILROAD CO.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

·GARNISHMENT—JURISDICTION.

Jurisdiction is not required in an attachment suit, the owner of the debt being a resident of another state than that in which suit is brought, and no service being had on him, and the debtor being a corporation of a third state, though such corporation has officers within the state in which suit is brought, on whom service is had.

Action by Frederick N. Blanc against the Tennessee Coal, Iron & Railroad Company. Verdict was directed for plaintiff for part only ·of his claim, and he moves for new trial, on exceptions ordered to be heard in the first instance at the general term. Exceptions sustained.

The action was brought to recover the purchase price of goods sold and delivered by the Litofuge Manufacturing Company, a New York corporation, ·to the defendant, a Tennessee corporation, between December 1, 1891, and February 27, 1893, at an agreed price in the aggregate of $693. The defense was, in substance, that July 5, 1892, the defendant was indebted to the Litofuge Company, for a portion of the goods sold and delivered, in the sum of ·$551.25, and the Litofuge Company had then made no assignment thereof; ·that on that day the suit was begun in the state of Alabama by the plaintiff's wife against the Litofuge Company and this defendant, to recover ·$46,511.01 upon a judgment recovered by her against the Litofuge Company, February 4, 1891, in the state of New York; and that on that day a writ ·of attachment was issued in such Alabama suit, and levied on such indebtedness by this defendant to the Litofuge Company, and thereafter this defendant, by the decree in that suit, was compelled to and did pay to the plaintiff in such Alabama suit the amount of such indebtedness,—$551.25. Upon the trial of this action, it was admitted that the goods were sold and ·delivered as alleged, the delivery being in the state of Alabama; and that in or about the month of July, 1892, the portion of the claim that had then ac-·crued was assigned by the Litofuge Company to P. A. J. Blanc; and that ·after the whole claim had accrued, and before this action was commenced, April 11, 1892, it was assigned by such former assignee and the Litofuge Company to this plaintiff; and that the defendant appeared in this action April 12, 1892. The defendant put in evidence a record of the Alabama suit, from which it appeared, among other things, that the suit was begun and the attachment therein was levied upon this claim July 5, 1892; that the papers were served upon this defendant, the Tennessee corporation, which ·appeared therein and answered August 3, 1892; that judgment therein was rendered April 15, 1893, and was satisfied May 17, 1893, by the defendant ·herein paying the amount of the debt attached,—$551.25. Defendant also gave evidence that its principal office was in Nashville, and that it also had ·offices and works in Alabama; that the principal business of the company was conducted in Alabama, where a number of its offices were, and where its principal mining and manufacturing business was carried on; that it also had a railroad and extensive mines and blast furnaces in the state of Alabama. It also appeared that the plaintiff in the Alabama suit was a resident ·of the state of New York until the month of August, 1892. It was conceded that the plaintiff in this action would testify, if he were present at the trial, that he was in 1892 and 1893 president and treasurer of the Litofuge Company, and one Elliott was its secretary, and they were the only officers of ·the company; and that they never personally or officially received any papers in the Alabama suit, or any notice thereof, nor saw any notice in the newspapers, nor had any knowledge or information that the Alabama action had been brought. Plaintiff offered to prove substantially these facts by Elliott himself, but this evidence was objected to by the defendant, and was ·excluded by the court, under plaintiff's objection. The court directed a ver-

dict for the balance of the claim after deducting the $551.25 attached and recovered in the Alabama suit, and ordered that the exceptions be heard in the first instance in this court.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

A. J. Dittenhoefer and David Gerber, for plaintiff.
J. M. Graham and Frank H. Platt, for defendant.

WILLIAMS, J.   It is claimed by the plaintiff in this action that no jurisdiction was acquired by the Alabama court in the attachment suit which renders the judgment in that suit binding upon this plaintiff, and deprives him of the right to recover the $551.25 which was paid by the defendant pursuant to that judgment. This claim is based mainly upon two grounds:   First, that no jurisdiction was acquired of the debt attached;   second, that no jurisdiction was acquired of the debtor in the attachment suit, the Litofuge Company, which was in form made a defendant in that suit.   It must be assumed that, at the time the Alabama suit was commenced and the debt was attached, the debt was owned by the Litofuge Company.   There is no proof that, prior to such suit and attachment, the debt had been assigned to the first assignee thereof, P. A. J. Blanc.   The owner and the party owing the debt were therefore in form made parties to that suit.   The judgment shows that service was made upon the person owing the debt, the Tennessee Company, and it appeared and answered, and thus submitted itself to the jurisdiction of that court.   The record does not, however, show that any service was made upon the owner of the debt, the Litofuge Company.   The plaintiff offered evidence tending to show affirmatively that no such service was made, but this evidence was excluded as immaterial.   It seems to us, therefore, that we must assume no service of any kind was made upon the Litofuge Company.   If, therefore, jurisdiction was obtained in that suit at all, so as to bind the Litofuge Company, it must be upon the theory that the court acquired jurisdiction of the debt, so as to bind the owner thereof.   Attachment suits partake of the nature of suits in rem, and are distinctly such when they proceed without jurisdiction having been acquired of the person of the debtor in the attachment suit.   The debtor in the attachment suit in the Alabama case was the Litofuge Company.   The distinction must be kept in mind here that while, as to the debt sought to be attached, the Litofuge Company was the creditor and the Tennessee Company was the debtor, yet, so far as the attachment suit was concerned, the plaintiff in that suit was the creditor and the Litofuge Company was the debtor, and that the property sought to be attached was the debt owing to the attachment debtor by the Tennessee Company.

In Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938, Douglass had a claim against the insurance company for a loss by fire.   Douglass was a resident of the state of New York, and the insurance company was a domestic corporation, organized under the laws of the state of New York, and the claim accrued in the state of New York.

Douglass brought an action upon the claim against the insurance company in the state of New York. The insurance company set up, in bar of a recovery in that action, that, in the state of Massachusetts, an action had been commenced by the creditors of Douglass against him and the insurance company, and in such action Douglass' claim had been attached, and was held for the payment of his debt, and that there was service in Massachusetts upon the agent of the insurance company. It was not claimed that there was personal service upon Douglass in the state of Massachusetts. There was service upon the insurance company by serving upon its agent in the state of Massachusetts, and there was service by publication upon Douglass pursuant to the laws of Massachusetts. Douglass did not appear or answer in that action. On demurrer to the answer of the insurance company in the action in this state, the court held that the Massachusetts action and the attachment proceeding were not a bar to the Douglass action in this state, saying, among other things, that while property might be subjected to seizure and sale for the debts of the owner of the property by means of appropriate judicial proceedings, provided due process of law should precede such appropriation, and while a state might authorize the seizure and sale of property within its jurisdiction for the payment of the debts of a nonresident, yet no state could subject property out of its jurisdiction to its laws; that it was a fundamental rule that in attachment proceedings the res must be within the jurisdiction of the court issuing the process, in order to confer jurisdiction; and that while, as to movables, their seizure under attachment would show that their actual situs was within the jurisdiction, yet in respect to intangible interests, such as debts, the general rule was that the situs was at the domicile of the . person to whom the debt was owing. The court further said that the attachment laws of our own and of other states recognized the right of attachment creditors of nonresident attachment debtors to collect a debt owing to such attachment debtors by a person within the jurisdiction where the attachment issued, and that to this extent the principle had been sanctioned that the laws of a state, for the purpose of attachment proceedings, might fix the situs of the debt at the domicile of the person owing such debt, but that no court could acquire jurisdiction in attachment proceedings unless the res was either actually or constructively within the jurisdiction of the court issuing the attachment. The court then held that the domicile of the insurance company owing the debt in that case was not in Massachusetts, but in New York state, saying that the rule was that a domestic corporation at all times had its exclusive residence and domicile in the jurisdiction of its origin, and that it could not be garnished in another jurisdiction for debts owing by it to persons residing in another jurisdiction, so as to make the attachment effectual against the persons owing the debts, in the absence of the jurisdiction over the persons of the owners of the debts.

In Plimpton v. Bigelow, 93 N. Y. 592, the plaintiffs were residents of Massachusetts, and the defendant was a resident of Pennsylvania. The action was brought in the state of New York, upon promissory notes, and an attachment was issued. The sheriff undertook to levy

the attachment upon 439 shares of stock in a Pennsylvania corporation. The court vacated the levy, holding that shares of stock in a foreign corporation belonging to a nonresident defendant could not be attached in this state; that the res was not within this state; and, although it appeared that the corporation had offices and did business in this state, yet the court said:

"We regard the principle to be too firmly settled by repeated adjudications of the federal and state courts to admit of further controversy, that a corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction."

We do not see that it is necessary to go beyond the authority of these two cases to determine the rights of the parties in this action. No jurisdiction was acquired of the person of the Litofuge Company, the owner of the indebtedness sought to be attached. The only claim that can be made is that jurisdiction was acquired of the indebtedness itself, so as to enable plaintiff in that suit to attach and hold the indebtedness as being the property of the Litofuge Company. There was certainly as much jurisdiction of the person of Douglass in the Massachusetts case as of the Litofuge Company in the Alabama case. There was no personal service or appearance in either case. There was, at most, only such service by publication as the laws of these states provided for in actions partaking of the nature of suits in rem. Under the authorities cited above, attachment could only be levied upon this indebtedness if it was within the jurisdiction of the Alabama court, if its situs was in Alabama. The situs of the indebtedness could only be at the domicile of the Litofuge Company, in the state of New York, or that of this defendant, in Tennessee. The domicile of the defendant was not in Alabama. Although it had offices and did business there, its domicile could only be in Tennessee, the sovereignty which created the corporation.

Other questions are raised by the plaintiff, as to the validity of the Alabama judgment, and the effect to be given to it in this state; but, if we are right in the suggestions already made, it is unnecessary to go further to determine that the verdict ordered by the trial court in this case was erroneous.

The exceptions of the plaintiff should therefore be sustained, and the motion for a new trial should be granted, with costs to the appellant to abide event. All concur.