## OLMSTED *v.* OLMSTED.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 102.   Argued January 25, 1910.—Decided February 21, 1910.

The law of a State in which land is situated controls and governs its
   descent, alienation and transfer, and neither a decree of a court, or
   a statute, of another State can have any efficacy as to title of real
   estate beyond the jurisdiction of that State.

The full faith and credit clause of the Federal Constitution does not
   require the courts of a State to give effect to a statute legitimatiz-
   ing children born before wedlock after marriage of their parents so
   as to affect interests which, under the law of the State where the
   property is located, had been so vested that it cannot be affected by
   subsequent legislation; and so held that the courts of New York
   are not required to give effect to a statute of Michigan so as to vest
   in children of the testator legitimatized by such statute property,
   the title to which had already vested in his other legitimate children.

190 N. Y. 458, affirmed.

THE facts are stated in the opinion.

*Mr. Mortimer W. Byers* for plaintiffs in error:

The plaintiffs in error became "lawful issue" of Benjamin
F. Olmsted in Michigan, as the divorce recovered by him
from his first wife was and is valid in all respects in that
State.   2 Howell's Gen. Stat. Michigan, in force in 1882,
p. 1622, §§ 6228–6231.

The proceedings having been in accordance with the
statutes of Michigan, and no attempt having been made to
open the judgment or appeal therefrom, the validity of the
judgment in Michigan is not open to question. *Haddock* v.
*Haddock*, 201 U. S. 562, 572.

The plaintiffs in error became legitimate children of Benja-
min F. Olmsted by reason of that marriage, according to a

public act of Michigan. 2 Howell's Gen. Stat., in force in 1882, p. 1505, § 5775a.

Therefore, the said children became legitimate through the marriage of their parents, and their status as legitimate children, having once been created, continues to this day in Michigan.

Under the Federal Constitution and Revised Statutes full faith and credit must be given in New York to the Michigan decree and statute.

The standing of children is an independent consideration not to be confused with that of their parents. As stated in the opinion below, a marriage valid where rendered confers a right upon the offspring of that alliance, which, in civilized society, is not to be afterward limited and denatured in connection with a similar treatment accorded to their parents' status. in obedience to the protests of the community or an injured individual.

The conflict in the law of divorce between the different States and Territories has gone to the extreme limit and the status of the parents as husband and wife in one State and as divorced in another should not be visited upon the innocent offspring of the succeeding marriages. See *Matter of Hall,* 61 App. Div. (N. Y.) 266; *Inhabitants &c.* v. *Lexington,* 18 Massachusetts, 506; and see New York Law Journal, Jan. 22, 1908; *Adams* v. *Adams,* 154 Massachusetts, 290, as to the proposition that legitimacy, once created, will be everywhere recognized; *Miller* v. *Miller,* 91 N. Y. 315; *Van Vorhees* v. *Brintnall,* 86 N. Y. 18; *Bates* v. *Virolet,* 33 App. Div. (N. Y.) 436; *Ross* v. *Ross,* 129 Massachusetts, 243; *Irving* v. *Ford,* 183 Massachusetts, 448; *Grey* v. *Stamford,* 61 Law J. Rep., New Series, Part I, p. 622; *In re Goodman's Trusts,* 1881, Law Rep. 17 Chan. Div. 266; and see to the contrary *Smith* v. *Dorr,* 34 Pa. St. 126; *Shaw* v. *Gould,* 3 H. L. 55.

As to the application of the full faith and credit clause, see *M'Elmoyle* v. *Cohen,* 13 Pet. 312; *Fauntleroy* v. *Lum,* 210 U. S. 230.

The judgment below having been against the constitutional rights of the plaintiffs in error, may be reviewed. All persons answering the description of "lawful issue" at the death of the second life tenant, then had a vested interest which could be measured as between them, and see 2 Jarman on Wills (6th Am. ed.), 168, in *Matter of Baer,* 147 N. Y. 348; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Bisson* v. *W. S. R. R. Co.,* 143 N. Y. 125. Such children as came into being before the period of distribution were comprehended by the terms of the devise.

*Mr. Charles H. Luscomb* and *Mr. Read G. Dilworth* for defendants in error:

The Circuit Court of Wayne County, Michigan, did not have jurisdiction of the subject-matter, and did not obtain jurisdiction of the defendant in the suit for divorce by Benjamin Olmsted against Mary Jane Olmsted. The Michigan decree of divorce is therefore void, and the State of New York is not bound to recognize its validity. *Olmsted* v. *Olmsted,* 190 N. Y. 458; *Matter of Kimball,* 155 N. Y. 68; *Winston* v. *Winston,* 165 N. Y. 555; *Atherton* v. *Atherton,* 155 N. Y. 129, 181 U. S. 155; *Haddock* v. *Haddock,* 201 U. S. 562.

No Federal question is involved. The sole question is the determination of the lawful issue of Benjamin Olmsted, designated as such in a devise of an interest in real estate, located in New York, under the will of Silas Olmsted, who died in the State of New York, a resident thereof, and which was probated in New York, and should be controlled and governed by the laws of that State and not those of Michigan. Each State has the exclusive right to determine the disposition and title to real estate located within its borders. The statutes and decrees of Michigan can have no extraterritorial force so far as they might affect the title to or disposition of real estate located beyond its borders. *Van Clief* v. *Burns,* 133 N. Y. 540; Story, Conflict of Laws, 359–390; 2 Kent's Commentaries, 118, 149; *Robertson* v. *Pickrell,* 109 U. S. 608.

To permit the Michigan statute to control in determining who are the lawful issue of Benjamin Olmsted, so as to divest interests in real estate located in New York, which have already become vested in favor of residents of New York, would be a recognition of the right of the legislature of Michigan to legislate with respect to the disposition of real estate located in New York, and would lead to much confusion, and tend to upset land titles. No State would be secure in protecting the rights of its citizens to real property located within its own borders, against the invasion of the legislatures of other States. See Chap. 531, Laws of N. Y. 1895; Chap. 272, Laws 1896.

Under the law of New York, regardless of the effect, if any, the subsequent marriage of the parents may have had as to the legitimacy of the plaintiffs in error, the interests already vested in the issue of the New York marriage, under the will of Silas Olmsted, are not divested, and the claim of the plaintiffs in error to participate in a share of such estate must fail.

If the Michigan statute enacted in 1881, in effect, divests and deprives the issue of the marriage of Benjamin Olmsted and Mary Jane Olmsted, of an interest in real estate vested in them in 1874, it is confiscation, and deprives them of property without due process of law and violates the United States Constitution, as well as the constitution of both States. *Matter of Baringer,* 29 Misc. (N. Y.) 462; *Westervelt* v. *Gregg,* 12 N. Y. 202, 209; *Ryder* v. *Hulse,* 24 N. Y. 372, 373; Story on Constitution, 1399, citing *Fletcher* v. *Peck,* 6 Cranch, 67–134; *Marshall* v. *King,* 24 Mississippi, 85; *McGaughey* v. *Heney,* 15 B. Mon. 383; *Miller* v. *Miller,* 3 Michigan, 393, 401.

The suggestion that the "Humanity of our law should protect the innocent from the wrongs of others," and should induce the court to grant to these children of the Michigan marriage the status of legitimacy, if it has any foundation in law at all, should not be extended so as to divest interests in real estate which have already become vested, and deprive the owner of such vested interests.

MR. JUSTICE DAY delivered the opinion of the court.

This case is brought here because of alleged violation in the judgment of the Supreme Court of New York of the full faith and credit clause of the Federal Constitution. The judgment was entered in the Supreme Court of New York by an order of the Court of Appeals of the same State. 190 N. Y. 458.

The facts, in substance, are: Silas Olmsted, a resident of the State of New York, died in that State in 1874, devising by his will, duly probated, a one-half interest in certain real estate in New York to his son, Benjamin F. Olmsted, with the remainder over to the lawful issue of said Benjamin. In 1850 Benjamin F. Olmsted, while a resident of the State of New York, married Mary Jane Olmsted of the State of New York, and lived with her in that State until January, 1870. Benjamin F. Olmsted had children by that marriage, who are defendants in error in this case. On February 28, 1874, without procuring a divorce from his first wife, Benjamin F. Olmsted went through a marriage ceremony in New Jersey with Sarah Louise Welchman. Two children, John H. and William H. Olmsted, who are the plaintiffs in error in this case, were born, in the State of New Jersey, of this attempted marriage. Thereafter, in 1880, Benjamin F. Olmsted and Sarah Louise Welchman, with their two children, went to live in the State of Michigan. In 1882, Benjamin F. Olmsted secured a divorce from his first wife, Mary Jane Olmsted, in accordance with the laws of Michigan, in the Circuit Court of Wayne County, Michigan. Service was made of process by publication in a Detroit newspaper, and no personal service was made on Mary Jane Olmsted, nor did she appear in the action, judgment being granted by default. On August 22, 1882, Benjamin F. Olmsted and Sarah Louise Welchman were married in the State of Michigan. By the provision of a statute enacted in that State in 1881 children born out of wedlock became legitimate upon the subsequent marriage of

their parents. In January, 1883, in an action in the Supreme Court of New York, a decree of separation and for alimony was granted to Mary Jane Olmsted from her husband, Benjamin F. Olmsted. Benjamin F. Olmsted did not appear in that action, and the record contains no evidence of service of summons upon him. He was represented by counsel on a motion to sequestrate his property, and upon appeal from an order thereon. The judgment was affirmed. Sarah Louise Welchman died January 30, 1900; Mary Jane Olmsted died January 22, 1902, and Benjamin F. Olmsted July 16, 1905.

The action was for partition of the New York real estate devised under the will of Silas Olmsted. The plaintiffs in error, John H. and William H. Olmsted, children of the marriage with Sarah Louise Welchman, claim the right to participate equally with the children of Benjamin F. Olmsted and Mary Jane Olmsted, as lawful issue of Benjamin F. Olmsted, in the real estate located in the State of New York, and devised under the will of Silas Olmsted. The Supreme Court of New York, by its judgment, denied the right of the plaintiffs in error to thus participate.

The opinion delivered in the New York Court of Appeals shows that its decision was rested, in part, upon the invalidity of the Michigan marriage, because the courts of Michigan had never obtained jurisdiction over Mary Jane Olmsted, the first wife of Benjamin F. Olmsted. For that view the learned court, in denying that it was bound to give full faith and credit to such a decree and to the Michigan statute of 1881, cited *In the Matter of Kimball*, 155 N. Y. 68; *Winston* v. *Winston*, 165 N. Y. 555; *Haddock* v. *Haddock*, 201 U. S. 562; *Atherton* v. *Atherton*, 155 N. Y. 129, 181 U. S. 155.

It also puts its decision on the ground that the Michigan statute of 1881, legitimating the children born previous to marriage, could not have the effect of admitting them to participate in the division of the real estate in the State of New York, as it was passed long after the death of Silas

Olmsted, and the probate of his will, under which his legitimate grandchildren had vested estates as remaindermen, subject to the life use in the father. And further, said the Court of Appeals of New York, in speaking of the contention that the Michigan act should be given full faith and credit in the State of New York:

"Should we sanction the doctrine contended for, then the legislature in any State could, in effect, nullify our own statutes and deprive our own citizens of property, which under our laws they had become lawfully vested with and entitled to receive. Not only this, but the statute of Michigan, passed in 1881, could change the provisions of a will executed here and probated in 1874, bringing in persons as remainder-men who, under the provisions of the will, were not remainder-men, nor entitled to share in the estate. We think this should not be permitted."

By the laws of New York, chap. 531, 1895, it is provided:

"SEC. 1. All illegitimate children whose parents have heretofore intermarried, or shall hereafter intermarry, shall thereby become legitimatized and shall be considered legitimate for all purposes. Such children shall enjoy all the rights and privileges of legitimate children, provided, however, that vested interests or estates shall not be divested or affected by this act."

By chapter 272 of the laws of New York of 1896, vol. 1, it is provided, § 18:

"An illegitimate child whose parents have heretofore inter-married, or shall hereafter intermarry, shall thereby become legitimatized and shall be considered legitimate for all purposes, entitled to all the rights and privileges of a legitimate child; but an estate or an interest vested before the marriage of the parents of such child, shall not be divested or affected by reason of such child being legitimatized."

The question, therefore, is as to the title to real estate in the State of New York. Does the full faith and credit clause of the Federal Constitution require that effect be given to the

Michigan act of 1881, under the circumstances which we have detailed?

In *Clarke* v. *Clarke*, 178 U. S. 186, 190, the question was as to the effect to be given to a judgment rendered in the Supreme Court of South Carolina in the courts of the State of Connecticut respecting real estate situated in the latter State. The South Carolina court held that a certain will worked an equitable conversion into personalty at the time of the death of the testatrix of all her real estate, wherever situated, and that the executor of the will was authorized to administer the same as personalty, and to sell and convey the same for the purpose of executing the will. The Supreme Court of Connecticut refused to follow the judgment of the Supreme Court of South Carolina, and the case was brought here under the full faith and credit clause. This court, in disposing of the question, said:

"It is a doctrine firmly established that the law of a State in which land is situated controls and governs its transmission by will or its passage in case of intestacy. This familiar rule has been frequently declared by this court, a recent statement thereof being contained in the opinion delivered in *De Vaughn* v. *Hutchinson*, 165 U. S. 566, where the court said (p. 570):

"'It is a principle firmly established that to the law of the State in which the land is situated we must look for the rules which govern its descent, alienation and transfer, and for the effect and construction of wills and other conveyances. *United States* v. *Crosby*, 7 Cranch, 115; *Clark* v. *Graham*, 6 Wheat. 577; *McGoon* v. *Scales*, 9 Wall. 23; *Brine* v. *Insurance Co.*, 96 U. S. 627.'"

In speaking of the contention of the plaintiffs in error, that the South Carolina judgment must be given full force and effect, the court further said:

"The proposition relied on, therefore, is this, although the court of last resort of Connecticut (declaring the law of that State) has held that the real estate in question had not become

personal property by virtue of the will of Mrs. Clarke, nevertheless it should have decided to the contrary, because a court of South Carolina had so decreed. This, however, is but to argue that the law declared by the South Carolina court should control the passage by will of land in Connecticut, and, therefore, is equivalent to denying the correctness of the elementary proposition that the law of Connecticut, where the real estate is situated, governed in such a case."

In the case of *Fall* v. *Eastin*, decided at this term, 215 U. S. 1, the same principle was recognized. In that case it was held that a deed made by a master, by order of the court, in the State of Washington, in execution of a decree where the court had jurisdiction of the parties, did not have any efficacy as to the title to real estate beyond the jurisdiction of the court. It is unnecessary to review the previous cases from this court; a number of them are examined in the opinion in *Fall* v. *Eastin*.

After stating the principle that the disposition of real estate, whether by deed, descent, or otherwise, must be governed by the laws of the State where the real estate is situated, this court said (215 U. S. 12):

"The doctrine is entirely consistent with the provision of the Constitution of the United States, which requires a judgment in any State to be given full faith and credit in the courts of every other State. This provision does not extend the jurisdiction of the courts of one State to property situated in another, but only makes the judgment rendered conclusive on the merits of the claim or subject-matter of the suit. 'It does not carry with it into another State the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another State it must become a judgment there; and can only be executed in the latter as its laws permit.' *M'Elmoyle* v. *Cohen*, 13 Pet. 312."

The principle established by these cases is applicable to the case at bar. The full faith and credit clause of the Constitu-

tion applies with no more effect to the legislative acts of a foreign State than it does to the judgments of the courts of such State. The controversy herein concerns an interest in real estate located in the State of New York. Under a will probated in the State of New York, where the land was situated, it was devised to the lawful issue of Benjamin F. Olmsted. The contention of the plaintiffs in error is that by the act of 1881 of the State of Michigan, they had become legitimate, and are accordingly entitled to participate in the division of the estate. To this contention the highest court of the State of New York has answered that neither the law of the State of Michigan nor the act of the State of New York legitimating children, under such circumstances, can have the effect and force of disturbing interests already vested when the acts were passed.

We think there is nothing in the due faith and credit clause which requires the courts of New York to give the effect contended for to the Michigan statute. The legislature of Michigan had no power to pass an act which would affect the transmission of title to lands located in the State of New York. No more had it power to legislate concerning the titles to lands in New York than the courts of Michigan, by their judgments, would have authority to adjudicate such rights.

We are not concerned with the correctness of the decision of the Court of Appeals of New York interpreting its statutes and applying the law of its jurisdiction to the construction of the will of Silas Olmsted. We hold that there is nothing in the Federal Constitution requiring the courts of the State of New York to give force and effect to the statute of the State of Michigan so as to control the devolution of title to lands in New York.

*Judgment affirmed.*