# HOOD *v.* McGEHEE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS. FOR THE
FIFTH CIRCUIT.

No. 281.   Submitted May 13, 1915.—Decided June 1, 1915.

A State may in its statute of descent exclude children adopted by pro-
ceedings in other States, as Alabama has done, without violating any
Federal right.

The construction of a contract of adoption as complying with the law
of the State where made, but as not giving any rights in the State
where the property is situated because the law of descent of the
latter State excludes children adopted in any other State, does not
deny the adoption full faith and credit.

An adoption, although good in the State where made, cannot acquire
a greater scope in other States than their laws give to it by reason
of the adoptors' expectation that it will be effective in other States.

199 Fed. Rep. 989, affirmed.

THE facts, which involve the construction of an in-
strument of adoption and the question of whether full
faith and credit was given thereto in an action in another
State, are stated in the opinion.

*Mr. E. Howard McCaleb* for appellants:

In the absence of any settled decision construing state
statutes by the highest state court, Federal courts exer-
cise an independent judgment as to what is the law of the
State applicable to the case, even where a different view
has been expressed by the state court after the rights
of the parties accrued.

The status of an adopted child fixed as such by a state
court having jurisdiction, is compelled by the full faith
and credit clause of the Constitution and rights of inherit-
ance accorded in another State, when the latter State

has, by statute, recognized such rights of inheritance to adopted children, and where before such adoption, the heritable rights of such child has accrued, there was no settled decision of the highest state court construing its adoption statute adversely. Wharton Confl. Laws, § 25 a; Ross v. Ross, 129 Massachusetts, 243.

Executory agreements and mutual promises will be specifically enforced in equity.

In order to effectuate the intention of the parties to a contract, the state of things, the relation of the parties, their connection with the subject-matter, and the surrounding circumstances, should govern, and such interpretation accorded strongly against the grantor.

Statutory implications are operative only when the deed or instrument fails to contain statutory covenants.

Equity will not limit the meaning and intention of the contracting parties to the statutory implication.

In deeds, the words are to be strongly against the party using them, while in respect to statutes in derogation of the common law, they should be construed strictly.

The word "estate" as used in the contract under consideration is one of large signification and means all the property which the grantor would have at his death.

Ineffective adoption proceedings and contract accompanied by a promise of the adopting parent to leave his estate to the adopted child will amount to a contract when fully performed by the child and specifically enforced in equity against the collateral heirs of the adopting parent or his legal representative.

Practical construction of instruments by the parties to them should, in case of doubt as to the meaning of the words used, control the intention of the parties and the meaning of their language.

In support of these contentions see Abney v. Deloach, 84 Alabama, 393; Brown v. Finlay, 157 Alabama, 424;

*Bradley* v. *Washington Packet Co.*, 13 Pet. 89; *Brown* v. *Slater*, 116 Connecticut, 192; *Bolman* v. *Bolman*, 80 Alabama, 451; *Bush* v. *Whitaker*, 45 Wisconsin, 74; *Brown* v. *Sutton*, 129 U. S. 239; *Burns* v. *Smith*, 21 Montana, 251; *Canal Co.* v. *Hill*, 82 U. S. 94; *Cross* v. *Scruggs*, 115 Alabama, 264; *Cranons* v. *Eagle Cotton Mills*, 120 Indiana, 9; *Chicago* v. *Sheldon*, 76 U. S. 50; *Douglas* v. *Lewis*, 131 U. S. 75; *Fusileer* v. *Masse*, 4 Louisiana, 424; *Field* v. *Lighter*, 118 Illinois, 30; *Godine* v. *Kidd*, 19 N. Y. Supp. 335; *Gall* v. *Gall*, 19 N. Y. Supp. 332; *Homer* v. *Shonfield*, 84 Alabama, 315; *Hunter* v. *McGraw*, 32 Alabama, 519; *Healy* v. *Simpson*, 66 N. Y. Supp. 927; aff'd 167 N. Y. 572; *Healy* v. *Simpson*, 113 Missouri, 340; *Jaffe* v. *Jacobson*, 48 Fed. Rep. 21, 24; *Kuhn* v. *Fairmont Coal Co.*, 215 U. S. 349; *Kenyon* v. *Ulan*, 53 Hun, 592; *Leatherwood* v. *Sullivan*, 81 Alabama, 858; *Livingston* v. *Arrington*, 28 Alabama, 424; *Moran* v. *Prather*, 13 Wall. 501; *Merrian* v. *United States*, 107 U. S. 441; *Moran* v. *Bradley*, 9 Wall. 407; *Mathews* v. *Mathews*, 62 Hun, 61; *Parcell* v. *Striker*, 41 N. Y. 480; 3 Parsons on Contracts, §§ 405, 406; *Rock Island R. R.* v. *Rio Grande R. R.*, 143 U. S. 609; *Sullivan* v. *Rabb*, 86 Alabama, 433; *Sanders* v. *Clark*, 29 California, 300; *Strong* v. *Gregory*, 19 Alabama, 149; *Sea* v. *McCormick*, 68 Alabama, 549; *Sharkey* v. *McDermott*, 91 Missouri, 647; *Shehak* v. *Battles*, 110 N. W. Rep. 330; Schouler on Wills, §§ 452, 454; *Thomas* v. *Blair*, 111 Louisiana, 678; *Tierman* v. *Craine*, 121 Pac. Rep. 1007; *Taylor* v. *Kelly*, 31 Alabama, 59; *Teets* v. *Flaners*, 118 Missouri, 660; *Topliff* v. *Topliff*, 122 U. S. 121; *United States* v. *Peck*, 102 U. S. 65; *United States* v. *Gibbon*, 109 U. S. 200; *Van Tine* v. *Van Tine*, 15 Atl. Rep. 249; *Van Dyne* v. *Vreeland*, 11 N. J. Eq. 370; *Winne* v. *Winne*, 166 N. Y. 263; *Wright* v. *Wright*, 99 Michigan, 170; Waterman on Specific Performance, § 41.

*Mr. John P. Tillman* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to quiet title to land in Alabama. It was dismissed by the Circuit Court on demurrer and the decree was affirmed without further discussion by the Circuit Court of Appeals. 189 Fed. Rep. 205. 199 Fed. Rep. 989. The plaintiffs and appellants are children of the late General Hood and were adopted in Louisiana in 1880 by George T. McGehee, who bought the property in question in 1886. The defendants are McGehee's heirs if the Louisiana adoption does not entitle the plaintiffs to the Alabama land. The bill sets up that the adoption did entitle them to it by virtue of Article IV, § 1, of the Constitution and the Act of Congress in pursuance of the same, entitling the Louisiana record to full faith and credit. By the instrument of adoption the McGehee's 'bind and obligate themselves to support, maintain and educate them [the plaintiffs] as if they were their own children; and hereby invest them with all the rights and benefits of legitimate children in their estate'; and the bill further sets up that the latter clause constituted a contract with the plaintiffs so to invest them. It alleges services as children to McGehee and also in advance to him of $8,600, being the plaintiffs' share of the Hood Relief Fund collected in the Southern States. Finally a familiar letter of McGehee to the plaintiffs, which has been probated as a will in Mississippi where McGehee lived, but is not alleged to have been admitted to probate in Alabama, is set forth, valeat quantum. It states that, with immaterial exceptions, 'everything else of mine is to be yours equally divided' and that the letter will be valid as a will.

The alleged will is relied upon only as confirming the intent supposed to be expressed by the instrument of adoption and as showing that if the bill is dismissed it should be dismissed without prejudice. As there seems to be no ground for supposing that it could take effect on real estate

in Alabama it may be laid on one side. The other con-
tentions were correctly disposed of by Judge Grubb in
an accurately reasoned opinion. The Alabama statute of
descents as construed by the Supreme Court of the State
excludes children adopted by proceedings in other States.
*Brown* v. *Finley*, 157 Alabama, 424. *Lingen* v. *Lingen*,
45 Alabama, 410. There is no ground upon which we can
go behind these decisions, and the law so construed is
valid. The construction does not deny the effective oper-
ation of the Louisiana proceedings but simply reads the
Alabama statute as saying that whatever may be the
status of the plaintiffs, whatever their relation to the
deceased by virtue of what has been done, the law does
not devolve his estate upon them. There is no failure to
give full credit to the adoption of the plaintiffs, in a pro-
vision denying them the right to inherit land in another
State. Alabama is sole mistress of the devolution of
Alabama land by descent. *Olmsted* v. *Olmsted*, 216 U. S.
386.

The language relied upon as a contract was simply
the language of adoption used in the duly authorized nota-
rial act. It had its full effect by constituting the plaintiffs
adopted children under the Louisiana law. It gave them
whatever rights the Louisiana law attempted and was
competent to give them as such children, and it did not
purport to do more. As matter of supererogation we may
repeat the remark of Judge Grubb that the proceeding
gave the children all that was expected at the time, as it
was effective in Louisiana and recognized in Mississippi,
and that it cannot acquire a greater scope on the strength
of a subsequent purchase in Alabama, or from McGehee's
mistaken expectation that the land would descend to
them.

*Decree affirmed.*