MADELINE M. McCALL, Respondent, *v.* JOHN A. McCALL, Appellant.

Fourth Department, March 14, 1928.

**Husband and wife — marriage — prior divorce by plaintiff from former husband not valid — marriage between plaintiff and defendant not valid — interlocutory judgment of divorce reversed.**

The plaintiff, prior to her marriage to the defendant, procured a decree of divorce in the State of Pennsylvania from her former husband. That decree is not valid. It appears that it was obtained solely upon the service of a summons

by publication; that the parties were not residents of the State of Pennsylvania at the time; that the last place of residence of the defendant in that action was this State, and that the decree therein was obtained through fraud. Under the circumstances that decree was not binding in this State upon the former husband of the plaintiff and, therefore, the parties to this action, who were married in Pennsylvania shortly after that decree was entered, are not legally husband and wife. The courts of this State are not required to recognize a marriage under the circumstances stated.

The interlocutory decree of divorce is reversed. A new trial is granted, since the court refused to make a finding as to whether or not the plaintiff's former husband was living at the time of the marriage of the parties to this action.

APPEAL by the defendant from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 26th day of June, 1925.

*Herbert B. Thomas* [*Eugene Van Voorhis* of counsel], for the appellant.

*John J. McInerney,* for the respondent.

PER CURIAM. Both parties to this action were residents of the State of New York in 1916 and 1917 during the time that the plaintiff was in the State of Pennsylvania obtaining a divorce from her husband Schuster in that State. The cause for divorce alleged in that action was desertion. The jurisdiction of the Pennsylvania court over Schuster, the defendant there, was based solely on service of process by publication. There is no evidence to show that Schuster was then a resident of the State of Pennsylvania. The last matrimonial domicile of Schuster and the plaintiff was not in that State. They had had their home in Michigan and for about a year, in 1914 and 1915, they lived in Rochester, in this State, and Schuster deserted the plaintiff there. Although the plaintiff in an action brought against her would not be heard to attack the jurisdiction of the Pennsylvania court which she had invoked (*Starbuck* v. *Starbuck,* 173 N. Y. 503), it does not necessarily follow that she can assert the validity of the Pennsylvania divorce in an action in this State against a citizen of this State. Certainly the Pennsylvania judgment is not to be recognized here unless Schuster, the defendant in the Pennsylvania action, is bound by the judgment. (*Dean* v. *Dean,* 241 N. Y. 240.) The record is devoid of any evidence bearing on the residence of Schuster after the time that he deserted the plaintiff in Rochester in 1915. If he was a resident of New York State, the Pennsylvania judgment is not binding upon him. (*People* v. *Baker,* 76 N. Y. 78; *Haddock* v. *Haddock,* 201 U. S. 562.) It does not appear what the attitude of the Michigan courts is toward such a judgment. The record fails to

disclose, therefore, a judgment binding upon the defendant Schuster at his domicile.

In 1922 the parties to this action went through a marriage ceremony in Pennsylvania. Whatever effect this may have had upon the status of the parties within the State of Pennsylvania, the public policy of this State does not require the courts to recognize the marriage of two citizens of this State under such circumstances. (*Bell* v. *Little,* 204 App. Div. 235; affd., 237 N. Y. 519; *Hubbard* v. *Hubbard,* 228 id. 81; *Olmsted* v. *Olmsted,* 190 id. 458; affd., 216 U. S. 386.) The Pennsylvania judgment was granted upon testimony which was glaringly false, and there are other circumstances about the Pennsylvania action which lead to the inevitable conclusion that the judgment there was fraudulently obtained. Particularly under these circumstances should we refuse to recognize the validity of the Pennsylvania judgment which is an essential condition to the validity of the marriage between the parties to this action. We conclude, therefore, that the parties hereto are not proved to be husband and wife.

This action was tried on the assumption that Schuster was living at the time of the performance of the marriage ceremony between the parties. This was asserted by the defendant's counsel and not denied on plaintiff's behalf. The learned trial court, however, declined to make a finding that Schuster was living at the time of the performance of the marriage ceremony between the parties to this action in 1922. We find it necessary to order a new trial so that the question whether Schuster was living at the time of the marriage ceremony between the parties may be properly litigated.

We entertain no doubt as to the correctness of the finding of misconduct on the part of the defendant. The interlocutory judgment should be reversed on the law and the facts and a new trial granted, without costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Interlocutory judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Certain findings of fact disapproved and reversed.