In the Matter of the Estate of GALLUS THOMANN, Deceased.

Surrogate's Court, New York County, April 15, 1932.

*Burlingham, Veeder, Feary, Clark & Hupper* [*George G. Emerson* and *Thomas B. Powell* of counsel], for Carl Oscar Thomann and Anna Thomann.

*Liebman, Blumenthal & Levy*, for the accounting executor.

*John J. Dwyer*, for Nellie Panagiotopoulou, Mary Vlastos and Bessie Constantinidis.

*O'Brien, Boardman, Conboy, Memhard & Early*, for the executor, William Andrew Smith.

*Hans P. Kniepkamp*, for Franziska Dorothea Thomann.

FOLEY, S. The decedent died on May 30, 1927. He left a will giving his entire estate to his wife, Mary Helen. She predeceased him, however, and he, therefore, died intestate.

Carl Oscar Thomann and Anna Thomann, children of William Agamemnon Thomann, a deceased brother of the decedent, claim the estate as the sole next of kin of the decedent. Nellie Panagiotopoulou, Mary Vlastos and Bessie Constantinidis, children of an alleged second marriage entered into by William Agamemnon Thomann, contend they are entitled to participate in the estate.

The following facts have been sufficiently established from the proofs submitted: On August 12, 1862, the decedent's brother, William Agamemnon Thomann, married Amalie von Traithur in the city of New York. The claimants Oscar Thomann and Anna Thomann are the issue of that marriage. On September 16, 1868, William Agamemnon Thomann procured a divorce from his wife, Anna von Traithur, in the Superior Court of Chicago, Ill. Subsequently it appears he married one Fanny Mitchell in the city of Odessa, Russia. The claimants Nellie Panagiotopoulou, Mary Vlastos and Bessie Constantinidis are alleged to be the issue of that marriage. William Agamemnon Thomann died in March, 1899. The first wife of William Agamemnon Thomann died at Munich, Germany, on July 5, 1915.

In this proceeding the validity of the decree of divorce obtained by William Agamemnon Thomann and the legitimacy of the issue of his second marriage are attacked by the children of the first marriage. The decree secured in Illinois specifically recited that the husband was a resident of that State and the wife a resident of New York. The matrimonial domicile was in New York. The decree was procured without the personal service of process upon the wife. Service was made by publication. She did not appear, or answer. I hold, therefore, that the decree, so far as its effect in this State is concerned, is not binding. (*Haddock* v. *Haddock*, 201 U. S. 562; *Andrews* v. *Andrews*, 188 id. 14; *Dean* v. *Dean*, 241 N. Y. 240; *Kaiser* v. *Kaiser*, 192 App. Div. 400; affd., 233 N. Y. 524; *Olmsted* v. *Olmsted*, 190 id. 458; affd., 216 U. S. 386; *Matter of Caltabellotta*, 183 App. Div. 753.)

It is urged by the children of the alleged second marriage that under the laws of Russia the marriage of William Agamemnon Thomann to Fanny Mitchell, his second wife, was valid and that the children of that marriage are legitimate; that the status of legitimacy having been established in Russia, attaches to the children in the State of New York. That specific question was passed upon in *Olmsted* v. *Olmsted* (190 N. Y. 458; affd., 216 U. S. 386). There it was held that our courts will not recognize as legitimate the chil-

dren of a second marriage performed in a foreign State where a decree of divorce obtained in another foreign State was invalid in this State, although under the law of the State where the second marriage was performed the children were legitimate. The first marriage in New York continued in effect, and the legitimacy of the children of the second marriage in the foreign State was of no binding force in this State.

Submit decree on notice settling the account and directing payment to Carl Oscar Thomann and Anna Thomann in equal shares accordingly.