Rudolph J. Zuhlke, Appellant, v. Prudential Life Insurance Company of America, Respondent.

Fourth Department, May 8, 1935.

*Murphy, Mawhinney & Young* [*Phillip T. Young* of counsel], for the appellant.

*Bond, Schoeneck & King* [*Lyle W. Hornbeck* of counsel], for the respondent.

THOMPSON, J.   In a Superior Court of the State of Washington a judgment has been rendered against plaintiff and defendant in this action; against plaintiff for a divorce, and against defendant insurance company, requiring it to pay twenty-five dollars per month to plaintiff in the Washington action, formerly wife of the plaintiff in this action, so long as the plaintiff in this action continues to be totally and permanently disabled, and thereby entitled to the payment of a monthly sum, in pursuance of a policy of life insurance issued by defendant insurance company to him.   Service of the summons and complaint in the Washington action was duly and personally made upon the insurance company within the State of Washington, the said insurance company having offices and being engaged in business within that State.   The service of the summons and complaint upon the defendant Zuhlke, plaintiff in this action, was made personally without the State of Washington, at his residence in the State of New York.   Payments have been made by the insurance company to the wife, in whose favor, as plaintiff, the judgment in the court of Washington has been rendered and filed, in pursuance of this judgment, from the time of the entry of the judgment until the commencement of this action.   Here plaintiff, husband of the plaintiff in the State of Washington action, seeks to recover from defendant insurance company the full amount payable to him, by virtue of the conditions of his policy, from January 22, 1934, to and including April 22, 1934, amounting to the sum of $150, with interest from April 22, 1934.   The insurance company answers with the judgment in the Washington courts, and its compliance therewith.   This is an appeal from an order of the Special Term, denying the motion of the plaintiff to strike out defendant's answer, and for summary judgment in plaintiff's favor.

Plaintiff in the Washington action was the beneficiary named in the policy, and the policy was in her possession in the State of Washington at the time of the commencement of the action in that State.   The Washington judgment awarded plaintiff the custody and control of a minor child of the husband and wife, and the payment of twenty-five dollars per month, under the policy, directed to be made by the insurance company, was for the maintenance and support of the minor child.   The provision of the Washington judgment directing payment was not a judgment for alimony.   It was not a personal judgment against the defendant husband, nor

did it need to be. A State has power to proceed against the property of an absent defendant if the *res* is within its borders, is seized at the commencement of the action and opportunity is given the owner to be heard. (*Blanc* v. *Tennessee Coal, Iron & R. R. Co.*, 2 App. Div. 248; *Harris* v. *Balk*, 198 U. S. 215; Restatement, Conflict of Laws, §§ 72, 100.) The essentials to the exercise of the State's power in this respect being present, a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt — that is, it will be valid, not *in personam*, but as a charge to be satisfied out of property seized. (*Pennington* v. *Fourth National Bank*, 243 U. S. 271.)

"A state can exercise through its courts jurisdiction to compel payment by a debtor who is subject to the jurisdiction of the state of a claim against him in favor of his creditor and to apply the proceeds to the satisfaction of a claim asserted by a third person, as plaintiff, against the creditor, although the state has no jurisdiction over the creditor." (Restatement, Conflict of Laws, § 108; *Harris* v. *Balk, supra.*)

This was a personal judgment against defendant insurance company, that defendant being present in the State of Washington when process was served upon it. The husband's rights to the payments under the insurance policy were in the nature of " credits, choses in action, and other intangible interests * * * made by statute susceptible of seizure by attachment." Where a defendant is out of the jurisdiction of the court, as in this case, " and the debt or duty owing to him, or the right he possesses exists against some person within the jurisdiction, attachment laws fasten upon that circumstance and * * * impound the debt, duty or right, to answer the obligation which the attachment proceeding is instituted to enforce." (*Plimpton* v. *Bigelow*, 93 N. Y. 592, 596, 597.)

Seizure of the payments secured by the policy was effected by personal service of the summons and complaint in the Washington action on the insurance company. Thereby the *res* is subjected to the jurisdiction of the court. It is equivalent to injunction, service upon the garnishee, or the levy and return of a writ of attachment on real estate. (*Security Bank* v. *California*, 263 U. S. 282, 287, 288.)

The suggestion may arise that the defense pleaded is not available in a New York court, the policy of the State being opposed to the recognition of divorces granted by foreign jurisdictions against residents of the State, unless defendants shall have been personally served with the process in the action within the State where the action is brought; have appeared, or the last matrimonial domicile

of the parties be within that jurisdiction. The record of the case at bar shows that the defendant has never been a resident of, or domiciled in, the State of Washington, and that he was not served with process in the action in the State of Washington, but in the State of New York. In such case the matrimonial domicile was never in the State of Washington, the judgment is not *in personam*, and the courts of New York will refuse to recognize it. (*Hubbard* v. *Hubbard*, 228 N. Y. 81; *Olmsted* v. *Olmsted*, 190 id. 458; affd., 216 U. S. 386; *Haddock* v. *Haddock*, 201 id. 562.) The rule covers the parts of the judgment awarding the custody of the child and providing maintenance, such relief being wholly incidental to the action for divorce. (*Yarborough* v. *Yarborough*, 290 U. S. 202.)

This is not the situation we have here.

It must be assumed that the judgment is valid under the laws of the State of Washington. It established the divorce, and by its direction that defendant, plaintiff here, pay alimony, it established the debt, in Washington, against him.

Garnishment proceedings are not *in personam*, but *in rem*. (*Freeman* v. *Alderson*, 119 U. S. 185, 187.) If the *res* was found and seized within the borders of the State of Washington, and if defendant was given suitable opportunity to be heard, jurisdiction of his person is not a requisite to the validity of the garnishment. The debt and the garnishment were in the State of Washington. It follows that the validity of the judgment under the laws of the State of New York is of no moment.

In *Pennington* v. *Fourth National Bank* (*supra*) garnishment of a bank account was based upon a direction to pay alimony in a default judgment for divorce against a non-resident who had not been personally served with process within the State, had not voluntarily appeared in the suit, and had been served by publication only. In sustaining the attachment, the court held that the State court possessed jurisdiction over property within its borders, regardless of the residence or presence of the owner, and that the bank deposit was properly applied in satisfaction of the obligation of the absent defendant under the judgment, although the court did not have jurisdiction of his person.

Appellant puts considerable stress upon the fact that nothing was due from the insurance company at the time of the commencement of the action, and that the company will be excused from monthly payments thereunder upon the occasion of the insured's restoration to health, or death. It appears by the answer in this case that the prayer for relief of the complaint in the Washington case was solely directed to the total disability benefits " hereafter to be paid monthly by said defendant, The Prudential Insurance

Company." The decree was entered January 29, 1934. It does not apply to installments due or past due, but only to payments "accruing in the month of February, 1934, and in each succeeding month thereafter."

It must be remembered that we are here testing the answer, and whether or not a defense can be proved under its allegations. We are not passing upon the validity of the judgment it pleads, except as to the jurisdiction of the court in which it was obtained. Appellant contends that the courts of Washington failed of jurisdiction because there was nothing due, and, therefore, no cause of action was in existence when process was served. To this, it must be said that the question of the jurisdiction of the Washington courts is settled by the fact that defendant husband had rights under the policy (*Plimpton* v. *Bigelow, supra*), that the insurance company debtor was located and doing business in the State of Washington, and could be sued by its creditor there. It does not depend upon the validity of the particular cause of action. Washington courts have jurisdiction of actions brought by one who has a claim against a creditor for the purpose of garnisheeing the creditor's claim against his debtor. A "state can exercise through its courts jurisdiction to apply to the satisfaction of a claim, *interests in things* subject to the jurisdiction of the State, belonging to the person against whom the claim is asserted, although the State has no jurisdiction over him." (Restatement, Conflict of Laws, § 106; *Harris* v. *Balk, supra; Louisville & Nashville R. R. Co.* v. *Deer,* 200 U. S. 176; *Rothschild* v. *Knight,* 184 id. 334; *Chicago, Rock Island, etc., R. Co.* v. *Sturm,* 174 id. 710.) The insured's rights under the policy are the "interests in things," the *res,* which the State of Washington had jurisdiction to apply to the satisfaction of the claim of the insured's wife, although the State had no jurisdiction over him; and this, whether there were payments to which the insured was entitled under the policy, due at the moment the action was begun, or only those which were to become due. A continuing obligation on the part of the defendant had been established and recognized. Nothing further was required for the plaintiff to do to collect the money.

The answer alleges in effect that the court of the State of Washington, in which the judgment was rendered, had jurisdiction to make the judgment. This allegation as well as all the allegations of the answer is subject to proof. We cannot assume here that the court was without jurisdiction to render the judgment; such a determination must await the production of the proofs.

If the defendant is able to substantiate the allegations of its answer, it will have established a defense to plaintiff's cause of

action, which, under the full faith and credit provisions of the Federal Constitution, it will be the duty of the courts of the State of New York to recognize. So far as at present appears, the Washington court had jurisdiction to render the judgment, and its judgment is entitled to full faith and credit in the State of New York.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.