## GRAY v. GRAY et al.

### No. 4819.

District Court, E. D. Michigan, S. D.

May 29, 1945.

Davidow & Davidow, of Detroit, Mich., for plaintiff.

August F. Brandt, of Grosse Pointe, Mich., for defendant.

Edward Pokorny, of Detroit, Mich., for himself as friend of Court.

PICARD, District Judge.

This is an action to prevent enforcement of a contempt order in the state court, plaintiff having been cited for failure to pay alimony and basing his claim chiefly upon a divorce which he obtained in Nevada. The action is aimed against defendant wife and the friend of the Court, the wife having commenced separate maintenance proceedings against plaintiff before he moved to Reno. Learning of his wife's action, plaintiff avoided service of process and established his residence in Nevada. Service was made upon the wife in Michigan according to provisions of the Nevada law. She did not enter an appearance and default was taken, the decree making no provision whatsoever for her future maintenance and no determination of her interests and rights in property held jointly or by plaintiff alone. Upon the husband's return to Michigan, defendant Gray continued with her separate maintenance suit, getting personal service upon plaintiff herein.

Plaintiff claims he has a right to come into this court for two reasons— ·

First, the full faith and credit clause of the constitution (Article IV, Section 1) to-wit, that a divorce in Nevada is equally binding upon the State of Michigan and the due process and equal protection of law provisions of Amendment Article 14.

Second, that action in the contempt proceedings was initiated by the "Friend of the Court" and not by defendant wife.

Plaintiff asks a permanent injunction and defendants ask that plaintiff's bill be dismissed.

### Conclusions of Law

■ There is no doubt but that this divorce at the present writing, granted according to the laws of the State of Nevada, should be given full force and credit by the courts of the State of Michigan, although now it is recognized that the bona fides of the domicile can be questioned by other states. See Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273, and the same case under a different record and presenting a different issue decided by the Supreme Court May 21, 1945, 65 S.Ct. 1092. See also Esenwein v. Commonwealth, 65 S.Ct. 1118. The above case when first before the court in establishing the law overruling Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1, specifically distinguishes between the legality of the divorce and the property rights of the parties. On this point Justice Douglas in his opinion said [317 U.S. 287, 63 S.Ct. 210] "Thus we have here no question as to extraterritorial effect of a divorce decree in so far as it affects property in another state. * * * Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, 23 L.R.A.,N.S., 924, 17 Ann.Cas. 853; Olmsted v. Olmsted, 216 U.S. 386, 30 S.Ct. 292, 54 L.Ed. 530, 25 L.R.A.,N.S., 1292; Hood v. McGehee,

237 U.S. 611, 35 S.Ct. 718, 59 L.Ed. 1144. These decisions refuse to require courts of one state to allow acts or judgments of another to control the disposition or devolution of realty in the former. They seem to rest on the doctrine that the state where the land is located is 'sole mistress' of its rules of real property."

A like position is expressed in Price v. Ruggles, 244 Wis. 187, 11 N.W.2d 513, 517, a Wisconsin decision, where it is stated, "Williams v. North Carolina, supra, expressly disavows considering the effect of the divorce judgment upon the property rights of the parties. * * * This case is to the point that a divorce granted in a state other than that of the wife's residence upon service by publication only is not a bar to a subsequent suit by the wife in this state based on personal service upon the husband for a divorce and alimony and a division of the property situated within this state. The decision goes on the proposition that the granting of the divorce in the other state did not destroy the marriage status of the wife which is contrary to the decision in the North Carolina case, supra, which is conclusive on that question as it is based on the 'full faith and crédit' clause of the United States Constitution, sec. 1, Art. IV. There is a concurring opinion in the case by Mr. Justice Taylor in which he expressed the view that under the circumstances involved if the divorce destroyed the wife's marriage status, she might, upon personal service upon the former husband, no alimony or dower having been awarded her by the divorce judgment, prosecute a suit in equity for alimony out of his property. It would seem that in this state a wife situated as was the first wife might bring an action for alimony even though the husband had no real estate or other property within it. Else a man worth a million dollars in personal property might leave the state, take all his property with him, go to Nevada and get a judgment of divorce after staying there

sixty days and thus throw his wife and the burden of her support upon the public."

Not only is this the view of the Supreme Court of the United States, the Supreme Court of Wisconsin but the long standing decision governing the position of Michigan Courts was laid down in Van Inwagen v. Van Inwagen, 86 Mich. 333, 49 N.W. 154, 156, which states as follows, "The facts set up in the cross-bill relative to the defendant procuring a divorce in the state of Indiana would not, if true, oust the circuit court in chancery for Hillsdale county of jurisdiction."

■ Thus, we answer plaintiff's first reason in the negative.

■ On the second point we again disagree with plaintiff. The rule permitting the friend of the Court to proceed in these actions is not contrary to the state law but the sections quoted by plaintiff in his brief are directly applicable against him. "8. Said circuit courts may from time to time make rules for regulating the practice of the said courts in matters not covered by rule of the supreme court or by statute." Comp.Laws 1929, § 13941, subd. 8; Mich. Stat.Ann. § 27.542, subd. 8. See also Comp. Laws Supp.1940 Mich. § 12783, Michigan Annotated Statutes, § 25.171 declared constitutional in Metzinger v. Metzinger, 310 Mich. 335, 17 N.W.2d 203.

Yet granting that plaintiff's contention on this point is correct, any relief given plaintiff on his bill of complaint here would be only temporary. The wife would immediately begin action in her own name.

Therefore, we believe that the bill of complaint should be dismissed and the plaintiff returned to jurisdiction of the state courts to resume his battle, however meritoriously, to retain the property which he has been able to amass during his long years of married life, having temporarily divested himself of at least part of his irksome bondage but in a manner that leaves much to be desired.