PEARL S. MARKS, Respondent, v. GUSTAV MARKS, Appellant.— On February 1, 1952, defendant, having contracted to sell his home in Dutchess County, left his wife and moved to Pennsylvania. On March 13, 1952, his wife, upon a summons and verified complaint for separation, obtained an order to show cause why sequestration and receivership of defendant's property should not be granted and why the defendant and the purchaser should not be restrained from collecting or paying any moneys on account of the sale. Said order was served on the purchaser but not on defendant, and the record does not show that any order was entered thereon. On March 21, 1952, a second order to show cause, similar to the first mentioned, was obtained by plaintiff. This was also served on the purchaser. On March 25, 1952, plaintiff filed a *lis pendens* in the County Clerk's office, Dutchess County. On May 16, 1952, the summons and complaint were served on defendant in Pennsylvania. At the same time a copy of the order to show cause dated March 21, 1952, was served on him. On May 22, 1952, plaintiff obtained an order (the third herein), pursuant to

section 1171-a of the Civil Practice Act, restraining defendant and purchaser from receiving or paying any moneys on account of the aforesaid sale, pending further direction of the court. A certified copy thereof was served on the purchaser, but the record does not show service thereof on defendant. Thereafter, defendant having defaulted, a final judgment of separation was entered, providing for alimony, costs, sequestration, and the appointment of a receiver. Apart from the deposit, which was paid to defendant, purchaser made all payments under the contract to said receiver. After obtaining a Pennsylvania divorce, defendant moved to vacate the aforesaid three orders, to modify the judgment of separation by striking therefrom the afore-mentioned provisions and to cancel the *lis pendens*. He appeals from the order denying said motion. Order affirmed, with $10 costs and disbursements. Since the defendant had left the State, the three orders in question, whereby the court sought to acquire control of his property herein, were proper. (Civ. Prac. Act, § 1171-a.) By the third order, a copy of which was served on the purchaser, the court took control of the moneys due defendant under the contract. Therefore, it had jurisdiction to render judgment with respect thereto. (*Pennington* v. *Fourth Nat. Bank,* 243 U. S. 269; *Matthews* v. *Matthews,* 247 N. Y. 32; *Zuhlke* v. *Prudential Life Ins. Co.,* 244 App. Div. 549; and see *Geary* v. *Geary,* 272 N. Y. 390.) Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. [See *post,* p. 963.]