Charles A. Loreto, J.
Motion for summary judgment. Plaintiff seeks recovery on a promissory note made by defendant to plaintiff as payee thereof. Defendant acknowledges the execution of the note and concedes its liability to plaintiff for the amount thereof. By way of defense and counterclaim defendant alleges that it is prohibited from paying the note by virtue of a writ of garnishment (attachment) obtained by one A. Herbert Mathes, attaching debts due and owing plaintiff by defendant, in connection with an action commenced by Mathes against the plaintiff in the State of Florida to recover for architectural services.
Plaintiff urges that the defense is legally insufficient, contending that the writ of garnishment did not attach to its note since its situs was in this State.
*448 It is the rule that in attachment proceedings the res ipust be within the jurisdiction of the court issuing the process' in order to confer jurisdiction unless jurisdiction is acquired over the person of the creditor (Douglass v. Phenix Ins. Co., 138 N. Y. 209; Osgood v. Maguire, 61 N. Y. 524; Blanc v. Tennessee Coal, Iron & R. R. Co., 2 App. Div. 248; Dos Passos v. Morton, 218 App. Div. 154; see, also, Harris v. Balk, 198 U. S. 215).
Plaintiff, after unsuccessful efforts on its part to vacate the attachment (in which it appeared specially), appeared generally in the action against it and conferred personal jurisdiction. The question is then posed whether plaintiff's appearance conferred jurisdiction in the Florida court over his person in the garnishment proceeding as well as in the action with attachment extending to the note.
If there be jurisdiction in personam in the garnishment proceeding then the rule in Harris v. Balk (198 U. S. 215, 222, supra) applies, wherein it stated: ‘1 Attachment is the creature of the local law; that is, unless there is a law of the State providing for and permitting the attachment it cannot be levied there. If there be a law of the State providing for the attachment of the debt, then if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that State.” It was also stated in Douglass v. Phenix Ins. Co. (138 N. Y. 209, 220-221, supra), that “the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor.” (Italics supplied.)
The court concludes that plaintiff having appeared in the Florida action conferred jurisdiction in personam. If recovery is had in that action, he is liable to process of garnishment no matter where the situs of the debt was originally.
The cases cited and relied on by plaintiff are distinguishable since they deal with situations where no personal jurisdiction over the nonresident creditor was obtained in proceedings brought to attach the debt owed by his debtor to him. The motion is denied.