LANGE ET ALS. *vs.* RICHOUX ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The article 944 of the *Louisiana Code*, establishes the principle that the capacity of heirs to inherit depends on the law in force at the time the succession is opened.

According to the Spanish law in force in this State before the adoption of the *Civil Code* in 1808, proof of birth was equivalent to the acknowledgment on the part of the mother, of natural children.

So proof of co-habitation with the mother as sole concubine is tantamount <span>EASTERN DIS.</span> to an acknowledgment of maternity. <span>May, 1834.</span>

<span>LANGE ET ALS.<br>vs.<br>RICHOUX<br>ET ALS.</span>

The 221st article of the *Louisiana Code* provides that the acknowledgment of an illegitimate child by the father shall be made before a notary and two witnesses, when not made in the registry of the birth or baptism.

But illegitimate children not legally acknowledged, may be allowed to prove their paternal descent if they are free and white.

In regard to the mother, illegitimate children of every description, may make proof of their maternal descent, if she is not a married woman.

While a person continues a *statu liber*, he is capable of receiving by donation or testament but not by inheritance.

A partition will neither be confirmed or annulled without all the parties to it being before the court.

The plaintiffs, Eleanor, Mary Ann and Valerién Lange, f. p. c. allege that they are the only collateral heirs of one Française Gabrielle Lorio, f. w. c. who died intestate on the 13th June, 1830, in the parish of St. Charles, possessed of movable and immovable property, and leaving no heirs in the ascending or descending line; that they are the legimate descendants of Marie Jeanne Lange, f. w. c. the only sister of the deceased; that in June, 1830, an inventory of the property in said parish was made amounting to three thousand one hundred and twenty-three dollars, which was entrusted to the care of one Française Martin Richoux and Joseph Richoux, her husband, f. p. c. who became responsible to account for it when legally required.

It is alleged there are three lots in the upper part of New Orleans which were owned jointly by the deceased and one Marie Jeanne, f. w. c. that the defendants have made a partition of the same with Marie Jeanne, by which they received two of said lots, and which they have sold to R. Toledano by public act, dated 23d April, 1831. This partition is alleged to be illegal, as the defendant Française, the wife of Richoux, was incapable of inheriting at the time of the decease of Française Gabrielle, being born and was then a slave.

The petitioners allege that they are the lawful owners of

EASTERN DIS.
May, 1834.

LANGE ET ALS.
vs.
RICHOUX
ET ALS.

all of said property, as heirs of the deceased, and demanded the delivery of it by the defendants, who refuse and one of them, the said Française wife of Richoux, claims it as the only heir of the deceased.

The plaintiffs pray that they may be declared to be the lawful and only heirs of the deceased Française Gabrielle, and that said property inventoried and put into the possession of the defendants may be surrendered up, and that the sale of the two lots in the city of New Orleans to Toledano be annulled, and that he be decreed to surrender up said lots.

The plaintiffs in a supplemental petition, expressly charge that the defendant Française, wife of Richoux, was a slave at the time the succession of Française Gabrielle deceased, was opened, and therefore incapable of inheriting; and that it is incumbent on her to show that she was free at that period.

The defendants except to the right of the plaintiffs to sue, as being born of slaves, and never legally emancipated; and that the supplemental petition was filed *ex parte*, and is inconsistent with the original one. They deny that the plaintiffs are the heirs of the deceased, or have any claim to her succession and aver that Françoise, wife of Richoux, is the descendant and heir of the deceased, and as such is entitled to her estate. They admit they are in possession but deny every thing else.

Toledano answered, admitting he purchased the two lots in question and that Richoux had a good title to it, and denies the plaintiffs have any.

It was admitted by defendants, Richoux, that plaintiffs are the only legitimate children of Charles Lange, f. m. c. by Française Pain, f. w. c.; that Charles Lange was only child of Joseph Lange and Marie Jeanne, people of colour; that Marie Jeanne was purchased by Joseph Lange from Hydel, and was afterwards married to him; that Marie Jeanne was daughter of Catharine and Gorr, negro slaves at the time of her birth, &c.; who were afterwards sold to Gabrielle Lorio, who emancipated Catherine in 1803, and

Eastern Dis.
*May*, 1834.

LANGE ET ALS.
*vs.*
RICHOUX
ET ALS.

sold Gorr to Marie Jeanne in 1804, who immediately emancipated him, calling him in the act father; that *Française* Gabrielle Lorio was the daughter of Catharine, born while the slave of Hydel, but denied that Gorr was her father, or that Gorr and Catharine were ever married: it is denied that Marie Jeanne was ever legally emancipated, &c. The plaintiffs admit that Française Gabrielle Lorio while the slave of Hydel had a son named Martin, her only child; that she was purchased by Gabrielle Lorio and by him emancipated in 1794, and in 1799 he bought Martin, son of Française from Hydel, and in 1807 made a donation of him to his mother, in which he is recognized as her son.

It is admitted that Martin died before his mother, leaving an illegitimate daughter by the sister of Gabrielle Lorio, who was also his slave and his child; that Française, wife of Richoux the defendant, was born in 1802, and was liberated by Gabrielle Lorio, 26th October 1820. The plaintiffs deny that either Martin or Française Richoux were legally emancipated, or that the latter has been recognized so that she can inherit.

The district judge in pronouncing judgment in this case considered it admitted and established that the plaintiffs are the legitimate representatives of Marie Jeanne, f. w. c., who was their grandmother and sister of the deceased; and that the *defendant* Française Richoux is her grand-daughter; that Marie Jeanne and Française Gabrielle were the offspring of one Gorr and Catharine, born slaves, and afterwards manumitted by Gorr and Catharine.

The marriage of Gorr and Catharine being denied, and proof being made that no record of marriage was kept in the parish where they resided for people of color, it was permitted to be proved by circumstances establishing the presumption of marriage according to the Spanish law. But supposing they were not married, the district judge considered, that according to the laws existing at their death, their children could inherit, at least from the mother without any acknowledgement. The plaintiffs have, therefore, established their capacity to inherit and a title to the succession.

Eastern Dis.
May, 1834.
────────────
LANGE ET ALS.
vs.
RICHOUX
ET ALS.

On the other hand it is admitted that Française Gabrielle, the deceased, had an only child, Martin, born a slave, and that the defendant Française Richoux, is his only child; and it is proved that Martin died a slave, his mother still living, and that the defendant Française has furnished no evidence of her emancipation except the will of Gabrielle Lorio, whose slave she was; the testator made his will in 1820, died in 1822 when Française was twenty years of age, so that she continued to be a slave or at most *statu Libera*, not having attained the age of thirty years and none of the forms of law having been complied with, required to complete her emancipation. The district judge concluded there were two insurmountable objections to defendant's right of recovery: 1. That Française Gabrielle never acknowledged Martin to be her son and that the latter never recognized the defendant to be his daughter. 2. That the defendant has not yet obtained her freedom.

There was judgment for the plaintiffs. The defendant's appealed.

*Janin*, for the plaintiffs and appellees.

1 The plaintiffs are the only and legitimate children of Charles Lange the son of Joseph Lange and Marie Jeanne the sister of the *intestate*. By the marriage of Joseph Lange and Marie Jeanne the latter became free although born a slave. If her son Charles was born afterwards he was of course free, if before he was emancipated and legitimated by his father's and mother's marriage. *Partida* 4 *tit.* 13, *l.* 1. *Ibid. tit.* 5, *l.* 1. *Ibid. tit.* 22, *l.* 5. *Teatro de leg: vol.* 12. 139.

2. But Joseph Lange instituted Marie Jeanne and Charles his heirs, calling the former his wife and the latter his son. This alone would be sufficient to render them free and legitmate. 3 *Febrero*, (*ed:* 1818) 271. *Partida* 4 *tit*, 15. *l.* 2. *Ibid* 6, *tit.* 3, *l*, 3.

3. Gorr and Catherine, the father and mother of Marie Jeanne and Française were born slaves, but emancipated by Hydel in 1803-4. Their subsequent liberty by giving the

civil effect to their marriage rendered their children legiti-
mate. *Girod* vs. *Lewis*, 6 *Mar.* 559. The plaintiffs are there-
fore entitled to the sucession under the *La. Code, art.* 908.

4. But even if Gorr and Catherine had not been married, if Marie Jeanne and Française Gabrielle had been natural children, Marie Jeanne's legitimate descendants can inherit of Française Gabrielle by article 917 of the *Louisiana Code*. If the father and mother of the natural child die before him, the estate of such natural child shall pass to his natural brothers and sisters or to their descendants.

5. The case of the plaintiffs is completely made out. But the defendants urge that natural brothers and sisters can only inherit of each other if they have been legally acknowledged by their natural parents.

6. The law does not require that natural brothers and sisters should have been legally acknowledged by their father to be entitled to inherit from each other.

7. The defendants urge that Marie Jeanne and Française Gabrielle should have been acknowledged by a notarial act according to article 221 of the *Louisiana Code*, as the succession was opened under this Code.

8. But it is only the *right* of inheriting that is to be determined by the law in force when the succession is opened; not the state and condition or capacity of the heir to inherit.

9. The state and condition or capacity of the heir is governed by the law under which it was acquired and when once vested, it cannot be taken away by subsequent laws.

10. The question then, whether Marie Jeanne and Française Gabrielle were duly acknowledged as natural children must be determined by the Spanish law. This law did not require natural children to be acknowledged by notarial act or in writing. 5 *Febrero*, (*ed:* 1818) *p.* 32, 33, *nos.* 52, 53, 54. 1 *Ibid p.* 67, *nos.* 77, 78.

11. The defendant Française Richoux cannot inherit. Her father (Martin) was born and died a slave and never was capable of inheriting, consequently his daughter cannot take through him by right of representation. 3 *Pailliet successions* 514. *Gomez ad leg: Tauri XII. no.* 61.

EASTERN DIS.
May, 1834.
━━━━━
LANGE ET ALS.
vs.
RICHOUX
ET ALS.

12. Representations does not take place in irregular successions. *2 Favard de L'Anglade, Verbo enfant naturel sec. 4, p. 340. 13 Sirey part 1. 161. Pailliet Man: on art. 765, a. no. 1.*

13. The defendant was never acknowledged by her father, as in the certificate of her baptism her father is said to be unknown.

14. She was not free at the time of opening the succession of the *intestate.* She was born a slave the 20th April 1802, consequently was not thirty years old at the opening of the succession.

15. By the will of Gabrielle Lorio her master, made in 1820 when she was eighteen years of age, she became a *statu libera* and entitled to freedom at the age of thirty years.

16. A *statu libera* cannot inherit *ab intestato.* 3 *La. Rep.* 176. 7 *N. S.* 351.

17. The natural child of a natural child cannot inherit *ab intestato* from her father's parents whether she is legitimate or not, nor can the grandfather inherit of his natural son's illegitimate child. *La. Code* 915, 916. 4 *Toullier* 262, *sec.* 259. 2 *Chabot de l'allier* 219.

*Strawbridge*, for the defendants and appellants.

1. The article 917 of the *La. Code* says, " if the father or mother of the natural child die before him, his estate shall pass to his natural brothers and sisters or their descendants." The question then is who and what are the qualities to inherit under this article.

2. The article relates to natural children *duly acknowledged* who have died without posterity, and whose father and mother are also dead. None can inherit but the natural brothers and sisters who derive their heirship through a legal acknowledgment. For the description of persons included in the term *posterity*, reference is made to 2 *Delvincourt* 22; *note* 1, 259. *Ibid* 23, *note* 6, 273. 4 *Toullier, No.* 269. 2 *Chabot*, 323, on art. 765 of *Nap. Code.*

EASTERN DIS.
*May*, 1834.

LANGE ET ALS.
*vs.*
RICHOUX
ET ALS.

3. Posterity, says our code, art. 3522, No. 26, comprehends " all descendants in the direct line."

4. It is contended that proof of maternity is admissible according to the article 230 of the *La. Code*; and if it be so article 226 equally admits proof of paternity.

5. The syllogism then stands thus:

The estate of natural children deceased without posterity belongs to the father or mother who has acknowledged him, or in equal portions to the father and mother when he has been acknowledged by both. *La. Code,* 916.

6. But proof of maternity, (*art.* 230) or paternity (*art.* 226) may be made by children who have not been acknowledged.

*Ergo,* the father or mother who have not acknowledged their child may inherit?

*Ergo,* the father or mother who has not acknowledged may inherit equally with the other parent who has?

*Ergo,* it is not necessary that both parents should have acknowledged in order to inherit equally?

*Ergo,* the word acknowledgment has no meaning?

7. So much of article 224 as declares the rights of natural children are regulated under the title of succession, and of 945 as declares that he who wants the qualities prescribed at the time of opening the succession cannot inherit, should be considered as not written.

8. It has been stated that *paternity* was a fact and once made out the acknowledgment was of no consequence. All illegitimate children whether acknowledged or not, of whatever class, are entitled to alimony, and of course for this purpose, proof of paternity is admissible without acknowledgement.

9. But acknowledgment is one of the essential qualities to entitle to the inheritance of an irregular succession; the proof of which is the authentic act or baptismal register. Proof of parentage without acknowledgment no more entitles to the inheritance than proof of a mortgage without recording authorises a claim of the debt from a *bona fide* purchaser.

10. In this case the plaintiffs are not claiming as children

EASTERN DIS.
May, 1834.

LANGE ET ALS.
vs.
RICHOUX
ET ALS.
of Française Gabrielle; they are collaterals claiming through her mother; does our law permit this?

11. The law in force when this succession was opened does not entitle the plaintiffs to inherit. An acknowledgment by notarial act or baptismal certificate is essential to entitle the parent of a natural child or those *claiming* under them to inherit.

BULLARD, J. delivered the opinion of the court.

The plainsiffs instituted the present action to recover from the defendants the succession of Française Gabrielle a f. w. c. deceased intestate. They allege and have proved their legitimate descent from Marie Jeanne the reputed natural sister of the deceased and are her grand nephews and nieces. The defendant Française f. w. c. sets up a claim to the succession as the descendant of the deceased through Martin her natural son, and claims as natural grand-daughter of the deceased.

In support of the pretensions of the plaintiffs, their counsel relies on the *art.* 917 *of the Louisiana Code.* "If the father and mother of the natural child died before him, the estate of *such* natural child shall pass to his natural brothers and sisters or to their descendants," coupled with the preceding article which declares that, "the estate of a natural child deceased without posterity belongs to the father or mother who *has acknowledge him* or in equal portions to the father and mother *when he has been acknowledged by both.*"

It is contended by the defendant that the word *such* in the article first recited refers to natural children as described in the preceding article, as being acknowledged by the parents in the mode pointed out by the Code; either by notarial act or the register of birth or baptism; that Gabrielle and Marie Jeanne cannot be regarded as natural sisters and entitled to inherit from each other, unless both were acknowledged by their common parents. He further insists that the capacity to inherit depends on the law in form at the opening of the succession, and that neither Marie Jeanne nor Gabrielle

EASTERN DIS.
May, 1834.

LANGE ET ALS.
vs.
RICHOUX
ET ALS.

could now inherit the estate of their reputed father and mother for want of this essential proof of quality, and that consequently Marie Jeanne would be incapable, if she had survived Gabrielle of inheriting her estate, not having the proof of descent which alone would make her for the purpose of inheriting, the natural sister of Gabrielle; and that if Marie Jeanne could not take the estate, neither can her descendants the present plaintiffs.

We may therefore lay out of view the intermediate descents and consider the present suit as if Marie Jeanne had survived, and were herself the plaintiff before this court claiming the succession of her reputed sister. The position then maintained by the defendant's counsel is, that she could not recover because she does not exhibit the authentic acknowledgement by Gorr and Catherine that she and the deceased were their natural children.

The article of the Code which regulates the succession of natural brothers and sisters in relation to each other does not restrict the right to sisters or brothers of the full blood. Whether Marie Jeanne was a full or only a half sister is therefore immaterial. The paternal side may be laid out of view. And the question is then narrowed down to this; is there such evidence that she and the deceased were both daughters of Catherine as to entitle her to the quality of natural sister of Gabrielle, who ever their fathers may have been ?

The Code establishes the principle, that the capacity to inherit depends on the law existing at the time the succession is opened. "The incapacity of heirs is the absence of those qualities required in order to inherit at the moment the succession is opened. He who wants these qualities at this time cannot be the heir." *La. Code, art.* 944.

*The article 944 of the* Louisiana *Code, establishes the principle, that heirs to inherit depends on the law in force at the time the succession is opened.*

That the evidence shows Gabrielle and Marie Jeanne to have been both natural children of Catharine according to the Spanish law in force before the promulgation of the Code, we have no doubt. The 11th law of *Toro* required that to be regarded as natural children, there should have existed at their birth or conception no legal impediment to the mar-

72

EASTERN DIS.
*May*, 1834.
══════════════
LANGE ET ALS.
*vs.*
RICHOUX
ET ALS.

riage of the parents, and that they should be acknowledged by the father, dispensing however with any formal acknowledgement when the mother lived in the same house with the reputed father and was his sole concubine. Under this law it was considered by the ablest commentators that proof of birth was equivalent to acknowledgement on the part of the mother, and proof of cohabition with the mother as sole concubine tantamount to an acknowledgement of paternity. *Gomez ad leges Touri*, 91 *et seq.* 1 *Febrero Novisimo*, 380 *et seq.*

But it is urged that the Code has introduced a new rule on this subject and that without the formal acknowledgement by notarial act or in the baptismal register, the natural child is without capacity to inherit.

Article 221 declares that, " the acknowledgement of an illegitimate child *shall be* made by a declaration before a notary public and two witnesses whenever it shall not have been made in the registering of the birth or baptism of such child. If this article stood alone we should perhaps be compelled to say, that the subsequent articles under the head of successions, in which the *due acknowledgement* is spoken of, referred to this as the sole and exclusive evidence of natural descent and that whatever may have been the condition or rights of the parties under the previous legislation of the country, their right to inherit as natural children under the Code would depend upon their furnishing this exclusive evidence of their capacity. But this article does not stand alone. Article 226 provides that " illegitimate children who have not been legally acknowledged may be allowed to prove their paternal descent provided they be free and white;" and with respect to the mother article 230 declares that " illegitimate children of every description may make proof of their maternal descent, provided the mother be not a married woman." The article 227 is substantially a re-enactment of the law of *Toro* above referred to. The words used in article 221 are not prohibitive, and so far from declaring that a declaration before a notary shall be the only proof permitted, the Code expressly permits other modes of proof both of paternal and maternal descent without any restriction as to the purpose for

According to the Spanish law in force in this State before the adoption of the *Civil Code* in 1808, proof of birth was equivalent to the acknowledgement on the part of the mother of natural children.

So proof of cohabitation with the mother as sole concubine is tantamount to an acknowledgement of paternity.

The 221st article of the *Louisiana Code* provides that the acknowledgement of an illegitimate child by the father shall be made before a notary and two witnesses when not made in the registry of births or baptism.

But illegitimate children not legally acknowledged may be allowed to prove their paternal descent if they are free and white.

In regard to the mother, illegitimate children of every description may make proof of their maternal descent, if she is not a married woman.

EASTERN DIS.
*May*, 1834.

LANGE ET ALS.
*vs.*
RICHOUX
ET ALS.

which it may be allowed. Although there may be cases in which the child may prove his paternal descent without being entitled to inherit, as in cases of adulterous bastards, who may be entitled to alimony, yet as relates to the mothers the rule under the law of *Toro* was different and the child born out of marriage whether spurious or natural, whether by an acknowledged or unknown father, " salvo si los tales hijos fueren de damnado y punible ayuntamiento," were called to her inheritance to the exclusion of all except her legitimate children. 11 *Toro*, 4 *Martin Rep.* 265, *Pigeau* vs. *Duvernay*.

Even under the Code Napoleon which contains enactments much stronger than ours, it seems to be the general opinion of commentators that proof of maternity may be made in all cases, and that this forced acknowledgement has the same effect as the voluntary one in authentic form. 3 *Duranton*, 235, 236, 253, 2 *Toullier No.* 940, 950, 4 *Favard de L'Anglade*, 742, 2 *Chabaud des successiones*, 342.

We are therefore of opinion that Marie Jeanne and Gabrielle are proved to have been natural sisters, and capable of inheriting from each other, and that the plaintiffs are entitled to recover unless the defendant shows herself descended from Gabrielle and capable of taking the inheritance at the time the succession was opened.

It is not necessary to inquire whether the defendant has shown by sufficient evidence that she is the child of Martin, the son of Gabrielle. Martin, it is shown, was born a slave and died in that condition in the lifetime of his mother. The defendant herself was originally a slave but emancipated by the will of her master, and her freedom to be complete as soon as the existing laws would permit. She then became *statu liber*, and at the death of Gabrielle she had not attained the age of thirty. While she continued a *statu liber* she was capable of receiving by donation or testament, but not by inheritance. *Civ. Code*, *art.* 193, 176.

While a person continues a *statu liber* he is capable of receiving by donation or testament but not by inheritance.

The plaintiff further claims two lots of ground in the faubourg La Course in possession of R. Toledano, who was made a party. He answers that he purchased two lots of the defendants and alleges that they had a good title. The

EASTERN DIS.
May, 1834.

LANGE ET ALS.
vs.
RICHOUX
ET ALS.

inventory shows that the defendant declared, that Gabrielle was in her lifetime owner jointly with Marie Jeanne and Gabrielle Lorio, f. w. c. of three lots in that faubourg which had been bequeathed to them by Gabriel Lorio. They then exhibit the testament of Gabrielle and a partition between the defendants and Marie Jeanne, in which the defendant assumes to act as the sole heir of Française Gabrielle and by which two of the lots were assigned to the defendant as the share of Gabrielle. If we were now to decree the two lots to the plaintiffs it would admit

*A partition will neither be confirmed or annulled without all the parties to it being before the court.*

the validity of the partition; and if we were to regard the partition as null for want of sufficient parties we should be deciding on the rights of those who are not before the court. The will of Gabriel Lorio does not mention any town lots, and the plaintiffs furnish no other evidence of ownership in Gabriel Lorio than the declaration of the defendant. If the plaintiffs have any right it is to one undivided half of the three lots. It is besides very questionable whether heirs by irregular succession can maintain an action against third persons before their own right to the estate has been judicially recognised. *La. Code, art.* 919.

The District Court gave judgment generally for the plaintiffs without expressly pronouncing on the rights of the defendant *Toledano,* and the parties have agreed that in this court the judgment should be considered as to him as one of non-suit. We think the plaintiffs have not shown sufficiently a legal title in themselves to entitle them to recover in this case, and that the judgment in favor of *Toledano* as in the case of a non-suit ought to be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs, and that there be judgment in favor of *R. Toledano* as in the case of a non-suit, with costs as to him.