In the Matter of the Estate of GEORGIANNA OSBORN, Deceased.

Surrogate's Court, New York County, January 12, 1934.

*Abraham I. Smolens*, for the executrix and residuary legatee.

*Smyth & Smyth, Jr.*, for Jeanette Landsman and others, general legatees.

*Will Maslow*, for George T. Haight, residuary legatee.

DELEHANTY, S.  In this accounting proceeding the executrix asks a construction of the will to determine whether general legacies are a charge on real estate situated in the State of New Jersey. The decedent died a resident of New York county on July 28, 1930, and letters testamentary were duly issued by this court. Under the will Grace L. Russell receives a preferred legacy of $25,000.  Jeanette Landsman and Loretta Danzer receive general legacies of $5,000 each, and a $10,000 trust fund for Theresa Bichels is set up.  The residuary estate is bequeathed to Grace L. Russell, Mary Irene Haight, Harry R. Speer and Louise R. Smiley.  The account discloses that except for $1,000 the preferred legacy to Grace L. Russell has been paid.  The only undisposed of assets are two plots of real estate valued at $9,000 situated in New Jersey.

The question to be determined is whether the general legacies

to Jeanette Landsman and Loretta Danzer and the trust fund established for Theresa Bichels are charges upon the residuary real property. It has been firmly established that the law of the State in which land is situated governs its descent, alienation and the effect and construction of wills and other conveyances relating thereto. (*Clarke* v. *Clarke*, 178 U. S. 186; *De Vaughn* v. *Hutchinson*, 165 id. 566; *Monypeny* v. *Monypeny*, 202 N. Y. 90; *Knox* v. *Jones*, 47 id. 389; Dec. Est. Law, § 47.)

In the New York cases above cited the real property involved was situated in this State. No instance has been found where courts of this State have adjudicated property rights in real property outside the State. The parties to this proceeding have stipulated that the New Jersey cases cited by counsel shall be deemed evidence of the New Jersey law on the issue whether general legacies are there chargeable on real property. Nevertheless, this court has decided not to exercise jurisdiction to determine here the point in issue but to remit the parties to an appropriate tribunal exercising its powers in the district wherein the realty is located. Thus there will be obtained eventually a ruling binding in respect of the record title to the land. It is true that a similar stipulation was made in the case of *Butler* v. *Green* (65 Hun, 99) on which the court justified a ruling of the lower court in respect of real property outside New York State. In that case, however, the real property located outside this State had been sold and the proceeds thereof had been brought within the State. Thus the questions, as pointed out by the court, were thrust upon it. It was stated in that case, however (p. 108), that while the real property or the proceeds thereof remained in the foreign localities the courts there should determine the questions involved in its descent.

The will of this decedent in so far as it affects the real property located in New Jersey should, therefore, be construed by the courts of that State. (*Knox* v. *Jones*, *supra*.)

Submit decree on notice settling the account in accordance with this decision.