In the Matter of the Accounting of MYRA L. VINCENT, as Administratrix of the Estate of CHARLES B. VINCENT, Deceased.*

Surrogate's Court, Kings County, April 17, 1947.

* See, also, *Matter of Tomacelli-Filomarino*, 189 Misc. 410. — [REP.

*John Esposito* for Myra L. Vincent, as administratrix, petitioner.

*Cullen & Cullen* for Marie C. A. H. Vincent, respondent.

*Fred M. Ahern* for State Tax Commission, respondent.

McGAREY, S. The sole question presented for determination in this proceeding for the judicial settlement of the account of the administratrix is the status of the objectant who claims to be a daughter of decedent and entitled to share in his estate.

The facts are not in dispute. Decedent died on July 30, 1945, and accountant filed an application for letters of administration on his estate wherein she alleged that decedent died

a resident of this county, leaving as his only distributees accountant, his widow, and a brother and a sister. Letters of administration accordingly were issued to her. Thereafter, objectant made an application to amend the petition for letters of administration striking out the brother and sister as distributees and inserting her name as a daughter of decedent. Decision on that application was reserved until the accounting and thereafter, the proceeding was consolidated herewith. No issue or question was or is raised as to the domicile of decedent or the status of accountant as his widow.

The objectant is a resident-national of the Republic of Haiti and was born there in 1904. Several days after her birth, decedent, then resident in and a domiciliary of Haiti, acknowledged her as " his natural daughter," pursuant to the provisions of article 305 of the Civil Code of Haiti, and gave her his name. Thereafter, decedent came to this country and in 1919 married accountant who is not the mother of objectant. Decedent, at the time of his death, was a citizen of Haiti. He died leaving personal property and real property situate within this State.

Decedent having died domiciled in and a resident of this State, the distribution of his personal property, and the devolution of his realty here situate are regulated by the laws of this State. Objectant's right as a distributee must, therefore, be determined by the laws of this State (Decedent Estate Law, § 47; *Matter of Gifford,* 279 N. Y. 470, 474; *Matter of Gourlay,* 173 Misc. 930, 934; *Matter of Slade,* 154 Misc. 275). The question, therefore, is whether objectant is a child of decedent to entitle her to share in his estate under section 83 of the Decedent Estate Law. " It is a general rule of construction that when the words ' child,' ' children ' or ' descendants ' are used in a statute the meaning is legitimate or lawful children or descendants." (*Matter of Cady,* 257 App. Div. 129, 130, affd. 281 N. Y. 688.)

In *Commissioner of Public Welfare* v. *Koehler* (284 N. Y. 260) Chief Judge LEHMAN observed (p. 264): " In judicial opinions, judges, according to their individual tastes or whims, had used indiscriminately the terms ' natural child ' or ' child born out of wedlock ' or ' bastard ' to describe a child whose father was not the mother's husband; and difference in the descriptive terms was not intended to carry any juridical consequences. * * * A ' natural child ' or a ' child born out of wedlock ' or a ' bastard ' as defined by the statutes is in effect a child born ' out of lawful matrimony ' * * *."

Limited rights of inheritance have been conferred upon a child born out of lawful wedlock and its legitimate descendants (Decedent Estate Law, § 83, subd. 13) and in favor of others in the estate of such a child (Decedent Estate Law, § 83, subd. 7) but no statutory right of inheritance is granted either from or in favor of a putative father (*Anonymous* v. *Anonymous,* 174 Misc. 906, 909; *Matter of Battalico* v. *Knickerbocker Firepr. Co.,* 250 App. Div. 258). Similarly, the dependency of such a child on its parents and the obligation of such parents to such a child has been recognized by the Legislature under subdivision 11 of section 2 of the Workmen's Compensation Law, which defines a " child " to include an " acknowledged illegitimate child ". The Statute of Descent and Distribution, however, makes no distinction between an acknowledged child born out of wedlock and one so born not acknowledged. Neither possesses any right of inheritance from a putative father.

The statutory creation of these limited rights of inheritance did not, however, change the status of illegitimate children to legitimate. They merely enabled illegitimate children to inherit as illegitimates, *as if* they were legitimate. A right of an illegitimate to inherit *as if* it was legitimate is not the *equivalent* of legitimation. Except in the specific respects provided by statute, a child born out of wedlock is still *nullius filius* (*Matter of Cady,* 257 App. Div. 129, affd. 281 N. Y. 688, *supra*) and the common-law conception in this regard remains unchanged. In the *Matter of Anonymous* (165 Misc. 62, 63) the court defined the words " child " and " children " as used in section 83 of the Decedent Estate Law " as including only legitimate children and excluding those born out of lawful wedlock or not validly legitimatized." Section 24 of the Domestic Relations Law provides for the legitimization of such a child by the subsequent marriage of its parents and the consequent right of inheritance from both.

Objectant, however, does not contend that she was born the legitimate child of decedent or that she was legitimatized under the laws of this State. She rests her claim upon the laws of the Republic of Haiti, under which she asserts she became entitled, by virtue of decedent's recognition of her as his natural child, to the same rights of inheritance as a child born of a valid marriage and that such right of inheritance was not lost by decedent's removal from the jurisdiction where such rights were acquired.

In the *Matter of Bruington* (160 Misc. 34) Surrogate FOLEY summarized the rules laid down by the United States Supreme

Court and by the Court of Appeals of this State dealing with the recognition to be given to legitimization statutes of foreign countries and other States and to the adjudication of the rights of children to inherit real property situate in this State by a nonresident as follows (p. 37):

" (1) Under the common law, legitimacy was determined by the law of the country in which the child was born. If by the law of that country he was legitimate, he should be deemed legitimate everywhere. If illegitimate, he was deemed illegitimate everywhere. Where the laws of a foreign State or country provide that a child is legitimated by the subsequent marriage of the parents, within its jurisdiction, the status of legitimacy is recognized in this State and the child is entitled to inherit. (*Miller* v. *Miller*, 91 N. Y. 315.)

" (2) There is an express exception to this rule in that the courts of our State will not recognize the statute of another State or country which purports to legitimatize a child of a marriage which is polygamous, incestuous or which is prohibited by law. (*Olmsted* v. *Olmsted*, 190 N. Y. 458; affd., 216 U. S. 386; *Adams* v. *Adams*, 154 Mass. 290; 28 N. E. 260; Story on Conflict of Laws [5th ed.], §§ 113-a and 114; 2 Beale, Conflict of Laws, § 246.1, p. 966.)

" (3) The law of the State of the situs of real property governs all questions concerning its title, devolution and inheritance. (*Olmsted* v. *Olmsted*, 216 U. S. 386, affg., 190 N. Y. 458; *Hood* v. *McGehee*, 237 U. S. 611; *Monypeny* v. *Monypeny*, 202 N. Y. 90; *Matter of Osborn*, 151 Misc. 52.) "

To this statement may be added the further rule that the law of the State of decedent's actual domicile at the time of his death governs all questions concerning the distribution of his personal property (*Matter of Gifford*, 279 N. Y. 470, *supra*).

If the law of the Republic of Haiti, the application of which is invoked by the claimant, is one which merely enables a natural child, when recognized by its parents or parent, to inherit as a recognized natural child as distinguished from one which legitimates such child, it is one merely of descent which governs solely the inheritance of property located in that State, and as such can have no extraterritorial operation so as to control the course which realty located in this State must take or the devolution of personal property of a decedent actually domiciled in this State at the time of his death. Consequently, the courts of this State will not recognize a law or statute of a foreign country or State which merely permits an illegitimate child to inherit as an illegitimate in the estate of its father,

as distinguished from one which legitimates the illegitimate child.

It therefore becomes necessary to determine in the light of the principles enunciated herein the meaning ascribed by the laws of the Republic of Haiti to the terms "natural child" and "recognized natural child," and to determine whether a natural child recognized in accordance with its laws becomes the legitimated child of the parent who recognizes it as a natural child, and by such recognition accorded the right to inherit as a "legitimate" child, or whether by such laws, a natural child, by virtue of its recognition as such, acquires merely the right to inherit as a "natural" child.

The Civil Code of Haiti, as it existed at the time of claimant's birth and decedent's recognition of her, and as amended by Decree No. 466 of December 22, 1944, regulates the rights of natural children, recognized natural children and legitimate children. In article 302 of the Code, hereinafter referred to, the expressions "children born outside of marriage" and "natural child" are used interchangeably. Articles 305 and 306 provide for the recognition of a natural child, except when born of an incestuous or adulterous union. A natural child may be recognized by either or both of its parents (arts. 305, 315, 606, 616). The child of an adulterous or incestuous union cannot inherit from its parents, although it is entitled to a sufficient amount for its ailment (art. 611). Article 309 originally provided that "recognized natural children cannot claim the same rights as legitimate children. The rights of natural children are governed by the Decedent Estate Law — Act No. 16." By the 1944 decree, article 309 was amended to provide that "a recognized natural child has the same rights as a legitimate child, subject to the dispositions of Sections 308 and 606 of the present code. Such rights are governed by the Decedent Estate Law (Act No. 16)." Article 308 provides for recognition during marriage, by a husband or wife of a child born before the marriage, and of a third party, except that such recognition shall not be prejudicial to children born or to be born of the marriage. Article 606 permits a natural child only when duly recognized to inherit from its father and mother, or from their natural ascendants, but it may never inherit from their legitimate ascendants. Under article 608, as amended by the decree of 1944, where the decedent leaves legitimate and recognized natural descendants, the share of a recognized natural child shall be equal to that of the legitimate child. In the absence of legitimate descendants, the entire estate

passes to the recognized natural child (art. 609), and, in default of next of kin entitled to share in the estate, the entire estate belongs to the surviving spouse, not divorced. By article 616, the estate of the recognized natural child passes to his parents or to the one who recognizes the child.

It is apparent from the articles of the Civil Code of Haiti that the Haitian law enables a natural child, that is, a child born outside of a marriage, of a relationship not incestuous or adulterous, to inherit as a " natural child " from a parent who recognizes it as such with the same right of inheritance to such parent from its recognized natural child. The natural child does not obtain, by the act of recognition, a status of a legitimate but is merely permitted to inherit as a " natural child." Article 309 of the Code, both prior to and by the decree of 1944, provides that the rights of natural children are " governed by the Decedent Estate Law (Act No. 16)." Article 583 (Act No. 16) of the Code provides as follows: " The law makes a distinction between two categories of heirs, the legitimate and the natural. Each category is subject to special rules and except in certain cases specifically expressed, in the absence of heirs in the one or in the other of said categories, the estate of the decedent passes to the surviving spouse, or in the absence of a surviving spouse, to the State."

By article 583 (Act No. 16) specifically referred to in article 309, and as amended, the Republic of Haiti has given effect to its own laws and makes a distinction between a legitimate and a recognized natural child. Under well-established principles, this court will not nor is it required to give to the decedent's act of recognition greater effect than would be given to it by the laws of Haiti, and accordingly finds as a fact that the act of recognition leaves the status of a natural child unchanged, affecting merely the rights and obligations of the parties in respect to personal and property relations; that a natural child when recognized as such by its parents or by one of them acquires a right of inheritance as a " natural child; " and that a natural child who is recognized as such does not become legitimated by the act of recognition.

The Haitian Civil Code also provides for " legitimation " of a natural child, that is, one born outside of marriage, except, as in the case of recognition, when born of an incestuous or adulterous relationship (art. 302). But like the provisions of section 24 of our Domestic Relations Law legitimation of a natural child can only take place under Haitian Law by intermarriage of its parents. Prior to the decree of December,

1944, amending article 302, "children born outside of marriage" other than children born of adulterous or incestuous unions, are "legitimated" by the subsequent marriage of its parents, when the parents have legally acknowledged them before their marriage or acknowledge them in the act of the celebration of the marriage. Article 302 in its original form therefore contemplated two acts as the basis for legitimation of a natural child, namely, subsequent intermarriage of its parents and acknowledgment by *both* parents of it as their child either prior to the marriage or in the act of celebration of the marriage. By the decree of 1944, article 302 was modified to provide that "when a natural child is acknowledged by his father and mother or by one of them after their marriage, such acknowledgment does not imply legitimation except by virtue of a judgment rendered in a public hearing, after investigation and private discussion, which judgment shall set forth that the child has possessed since the celebration of the marriage the status of a child of both." The article, as modified, further provides that "every legitimation shall be noted in the margin of the birth registration of the legitimated child," and such notation may be made at the request of the official in charge of the Civil Registry who performed the marriage, if he has knowledge of the existence of the children, otherwise at the request of any interested party.

The existence in the Haitian Civil Code of separate provisions for recognition of natural children (arts. 305, 306) and legitimation of natural children (art. 302), when read together with article 309, as originally enacted and as amended by the Decree of 1944, and article 583, requires this court to find as a fact that under Haitian law, as under New York law, there can be no legitimation of a "natural child" without intermarriage of its parents, and that acknowledgment or recognition under Haitian law of the natural child, whether by both parents or by one of them, without intermarriage, creates, at the most, for the recognized natural child, "A relation less than legitimation" (2 Beale on Conflict of Laws, § 140.2; see, also, 73 A. L. R. 941–960, and 162 A. L. R. 626–636, which review the subject of Legitimacy — Conflict of Laws; *Vergnani* v. *Guidetti*, 308 Mass. 450, 454).

The objectant has failed to sustain the burden, which was hers, of proving that the decedent's recognition of her as his natural child made her legitimate under the laws of Haiti or of this State; that the decedent having left real and personal assets here and having died a resident and domiciled in this

State and county, succession to his real and his personal property is governed by the laws of this State (Decedent Estate Law, § 47), and consequently, under our Statute of Descent and Distribution (Decedent Estate Law, § 83), the objectant is *nullius filius* and has no status as a distributee in the estate of the decedent.

The application to amend the petition for letters to show objectant's interest as a distributee having been consolidated by order with the pending accounting proceeding, the decree to be entered herein may provide for the dismissal of her application for the reasons above stated.

Submit decree, on notice, accordingly.