In the Matter of the Estate of JAMES A. SLATER, Deceased.

Surrogate's Court, New York County, June 20, 1949.

*Albert C. Gilbert* for Adolph Tureaud, petitioner.

*Joseph A. Bailey* for Mabel Thompson, as administratrix of the estate of James A. Slater, deceased, respondent.

FRANKENTHALER, S. Decedent died intestate, a resident of this State. His alleged daughter was granted letters of administration by this court, pursuant to section 118 of the Surrogate's Court Act. A nephew of the deceased now petitions to revoke the letters, claiming the administratrix was not a legitimate child and that the intestate died a resident of Kings County. A hearing was held and testimony presented upon these issues.

The intestate was born and originally domiciled in Louisiana. While there domiciled, he became the father of the administratrix by one concededly not his wife. The administratrix claims, however, that she was legitimated under the law of Louisiana and that the status of legitimacy must be recognized in this State. New York does not grant to an illegitimate child the right to inherit property from his father (*Matter of Vincent,* 189 Misc. 489). Therefore, in order to inherit the decedent's property the respondent must show that she is to be here regarded as a legitimate offspring of decedent (Decedent Estate Law, § 47; *Matter of Cady,* 281 N. Y. 688; *Matter of Vincent, supra*). A person legitimated by the proper law may take under the statute of distributions of another State, by the local law of which he would not have been legitimate (*Scott* v. *Key,* 11 La. Ann. 232; *Holloway* v. *Safe D. & T. Co.,* 151 Md. 321; see, also, *Miller* v. *Miller,* 91 N. Y. 315; *Bates* v. *Virolet,* 33 App. Div. 436, motion for reargument denied 34 App. Div. 629; 73 A. L. R. 941, Note).

Under the law of Louisiana, legitimacy does not depend necessarily upon birth during marriage. Articles 200 and 203 of the Louisiana Civil Code (1870 Revision) provide a formal method of acknowledging the legitimacy of children born out of wedlock. They provide that a parent may acknowledge such status by making a declaration to that effect before a notary. However, the Louisiana courts have held, in a long series of decisions, that this statutory device is not the exclusive method of acknowledgment and that a child at least (see *Perkins* v. *Brownell-Drews Lumber Co.,* 147 La. 338) may prove that his parents recognized his legitimate status by other competent evidence (*Hart* v. *Hoss,* 26 La. Ann. 90; *Lange* v. *Richoux,* 6 La. 560; *Succession of Vance,* 110 La. 759; *Duvigneaud* v. *Loquet,* 131 La. 567; *Succession of Serres,* 136 La. 531; *Taylor* v. *Allen,* 151 La. 82; *Succession of Corsey,* 171 La. 663).

In this case there was testimony by an aunt of the administratrix that she was present at the child's christening in 1894,

and that the deceased father was there; that deceased's brother acted as godfather and sponsor of the child. Another witness, a former schoolmate of the mother, was present at the baptismal, and testified that decedent later spoke of and referred to respondent as his child and daughter. Other similar testimony was offered to prove recognition of legitimacy by support and by oral declaration (cf. *Succession of Corsey, supra*). In addition, there was offered in evidence the baptismal certificate naming the child and the parents of the child. While such certificate is not of itself sufficient to show acknowledgment of legitimacy (*Steward v. Parish of Jefferson Davis*, 17 La. App. 626), yet taken with other evidence it may establish the fact in issue (*Succession of Hebert*, 33 La. Ann. 1099; see *Succession of Corsey, supra*). The recognition by the decedent's brother of the relationship of respondent to decedent and his act of sponsoring the baptism may be taken as further evidence of an acknowledgment of legitimacy by the decedent and his family. In this case, as in *Succession of Corsey (supra)* there is no proof of a prior marriage which might impede the legitimation of the respondent.

Upon the law and the facts, the court finds the respondent to be legitimate under Louisiana law, and therefore entitled to letters in this State.

*Matter of Vincent (supra)* is distinguishable from the case at bar, for in the present case the Louisiana law, unlike that of Haiti, which was involved in *Matter of Vincent*, provides for *legitimation* by acts other than subsequent intermarriage. The validity of that distinction is expressly recognized in the *Vincent* opinion. (See *Hart v. Hoss, supra*, expressly rejecting the necessity of a subsequent marriage to legitimate a child.)

The second issue presents a question of decedent's residence at the time of his death. The evidence upon this point is varied and contradictory. There is testimony to show that decedent had earlier established his domicile in New York County. In that county he was until his death a registered voter, a member and officer of the county committee of his political party and an election district captain. Upon application for a position with the State he gave as his residence an address in New York County. There is also oral testimony indicating that his domicile was in New York County. Petitioner, on the other hand, asserts a change of domicile to Kings County. He shows by oral and written evidence that decedent maintained a room with him in Brooklyn. It appears therefore that decedent main-

tained two partial centers of his activity. The point in issue is whether he shifted his established center from New York to Kings County to such an extent as to intend a change of domicile (*Matter of Limburg* v. *Snyder,* 253 App. Div. 846). The existing domicile, whether of origin or choice, continues until the acquisition of a new one, the burden of proving the change resting upon the party alleging such change (*Matter of Newcomb,* 192 N. Y. 238; *Ruderman* v. *Ruderman,* 193 Misc. 85). Upon all the evidence, petitioner has not established that intent on the part of decedent to change his domicile.

The petition for revocation is therefore denied.

Submit decree on notice accordingly.