S. Samuel Di Falco, S.
The petition and cross petition pray for issuance of limited letters of administration. The decedent, who was domiciled in New Jersey, was killed as the result of a steam explosion in a lower .Manhattan office building. The petition and cross petition allege that there are causes of action for wrongful death and personal injuries.
The proof adduced at the hearing established that the decedent was survived by a two-year-old daughter born out of wedlock. There was offered and accepted in evidence a certified copy of the child’s birth record in which this decedent is designated as the father and to which there is appended this statement signed by the decedent and duly witnessed:
“ I L. C. Sherman, Jr., am the father of Alicia LaShon Sherman born February 12, 1971, at Gadsden Memorial Hospital, Quincy, Florida, and hereby request that my name be shown on the birth certificate as father of this child.”
Subdivision (1) of section 731.20 of the Florida Statutes provides: “ (1) Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father. Such illegitimate child shall inherit from his mother and also, when so recognised, from his father, in the same manner as if the child had been born in lawful wedlock. However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents ’ kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes.” (Emphasis supplied.)
This daughter resides with her 19-year-old mother in Florida. Her maternal grandmother, acting under letters of guardianship issued in Florida, is the petitioner for limited letters of administration. The decedent was also survived by a father and mother also residents of Florida. The father through different attorneys cross petitions for letters and challenges the infant’s status. He contends that while an illegitimate may share in the proceeds of the wrongful death cause of action, the father and mother are entitled as next of kin who may have suffered pecuniary loss to share also in the proceeds of that cause of action. The father’s argument is that the infant is not a distributee and may not share in the personal injury action, which passes as intestate property in this case.
*553 In behalf of the infant despite the allegation of the grandmother’s petition that there are causes of action for both wrongful death and personal injury it is urged that death was instantaneous. The question as to whether there is to be any allocation of damages to a cause of action for personal injuries is not for this court in this proceeding. That issue will be heard upon a trial of the case in the Supreme Court or if a settlement is reached in an appropriate proceeding to compromise.
The sole issue in this proceeding is this child’s status as a distributee. If this daughter is a sole distributee entitled to share the decedent’s intestate property then the duly appointed fiduciary of her property has a prior right to letters of administration (SCPA 1001; EPTL A-1.1; 4-1.2).
• Under Florida law, where this child was born, she acquired by statute the right to share from her father “ in the same manner as if the child had been born in lawful wedlock.” It is undisputed that the domicile of the decedent at the time of his death was in the State of New Jersey. He died intestate. Under the law of that State his child is his sole distributee if no spouse survives (N. J. Stat., § 3A:A-4). Succession to the personal property of a deceased person is governed by the law of his domicile and she is, therefore, entitled to receive the entire net estate being administered in the State of New York. (Petersen v. Chemical Bank, 32 N. Y. 21, 44; Parsons v. Lyman, 20 N. Y. 103, 112; Matter of Hyde, 177 Misc. 666, 674.) In New Jersey where the decedent was domiciled the courts decide that whether a particular child may share is a question of personal status and they look to the law where such status was attained. Mr. Justice SoHETimo of the New Jersey Supreme Court in a learned opinion, Matter of Spano (49 N. J. 263, 269-270), was faced with the question as to whether a child acknowledged by his natural father under Italian law is entitled to inherit his father’s estate in New Jersey. The decedent had died intestate a resident of New Jersey. The court distinguished between legitimation and acknowledgment and said: “We hold that the acknowledgment of a child under the law of a jurisdiction which is the residence of the child at the time of the acknowledgment will be given the same effect as though such acknowledgment has been rendered and entered in this State. See In re Lund’s Estate, 26 Cal.2d 472, 159 P.2d 643, 62 A.L.R.2d 606 (Sup. Ct. 1945); Annotation, 87 A.L.R. 2d 1274, 1280 (1963). There is no public policy in New Jersey against such legitimations or acknowledgments.
“ It would be neither just nor desirable to deny the status conferred upon the child by sister-states and foreign countries. *554 Such a result would defeat the intentions of the parents by their acts of legitimation and acknowledgment. It is not unreasonable for a father, a resident of Newark, to expect that an acknowledgment of his child, a resident of Italy, valid under Italian law, would be recognized by other states, and we so conclude. A child duly legitimated or acknowledged in a state having jurisdiction over his status will be afforded the same status in New Jersey as he was given by the law of the place of the ligitimation or acknowledgment. See Greaves v. Fogel, 12 N.J. Super. 5, 7 [78 A. 2d 719] (App. Div. 1951); Dayton v. Adkisson, 45 N. J. Eq. 603, [17 A. 964, 4 L. R. A. 488] (Ch. 1889).
“ The issue now becomes whether a child validly acknowledged under the law óf Italy has a status sufficient to enable him to inherit under New Jersey law. We hold that a child so acknowledged may inherit under New Jersey law.”
The court finds after applying the law of Florida (the place of birth) and the law of New Jersey (decedent’s domicile) that this child is within the meaning of SOPA 1001, this decedent’s sole distributee. In New Jersey she would be entitled to take all of her father’s intestate property.
The infant’s status having been established, there can be no objection to the issuance of limited letters of administration to a guardian of her property duly appointed in the State of her domicile. SOPA 1001 (subd. 2) provides that if the sole distributee is an infant his “ fiduciary ” may be granted letters of administration. Limited letters will issue to the petitioner.
A decree may be entered, to that effect and on notice denying the father’s cross petition.