OPINION OF THE COURT
Millard L. Midonick, J.
In this proceeding for letters of administration, a hearing was held before a Law Assistant-Referee. The issues presented therein were whether the petitioner, guardian of an infant who allegedly is the daughter of decedent, having been born out of wedlock, is a person interested within the requirements of EPTL 4-1.2, or, if not, whether her ward is a legitimate child and distributee under EPTL 4-1.1 by applying the laws of England where the infant was born.
The proof adduced at that hearing demonstrated that decedent was survived by a wife and four children, all of whom are citizens and domiciliaries of England. In addition, it was established that decedent was the father of a fifth child, by the name of Katherine, born out of wedlock on August 10, 1973. Petitioner is the mother and guardian of Kath *366 erine. At the time of Katherine’s birth, petitioner and decedent were living together and were domiciled in England. Thereafter, they moved to New York County and all three of them continued to live together and reside therein until decedent’s death on October 24, 1978.
Pursuant to EPTL 4-1.2 (subd [a], par [2]), as in effect in 1978 (presently EPTL 4-1.2, subd [a], par [2], cl [A]) Katherine would only be the legitimate child of decedent and could inherit from him if an order of filiation were entered. Admittedly, no such order was ever entered and the United States Supreme Court has upheld the constitutionality of this statutory requirement (Matter of Lalli, 38 NY2d 77, affd on reconsideration 43 NY2d 65, affd 439 US 259). Although this statute has since been amended (L 1979, ch 139, eff May 29, 1979) not only do the additional methods provided therein (subcls [i], [ii], and [iii] of § 4-1.2, subd [a], par [2], cl [B]), not apply to the facts presented, but, more importantly, the amendment is not retroactive (Matter of Tabler, 73 AD2d 101). Consequently, petitioner has no standing pursuant to EPTL 4-1.2.
Petitioner’s second contention is that Katherine is the legitimate child of decedent under the laws of England where she was born. She is correct that it is well-settled law in New York that the legitimacy of a child is determined by the laws of the jurisdiction in which the acts of legitimacy occurred, one instance of which is the jurisdiction in which the child was born provided that the putative father was domiciled there at the same time (Olmsted v Olmsted, 190 NY 458, affd 216 US 386; Miller v Miller, 91 NY 315; Matter of Ortiz, 86 Misc 2d 790; Matter of Ortiz, 60 Misc 2d 756; Matter of Slater, 195 Misc 713). Therefore, in light of the facts herein, this court must look to the legitimacy laws of England.
Petitioner has directed this court’s attention to section 14 of Part II of the Family Law Reform Act of 1969 of England. Pursuant thereto it is clear that Katherine is the legitimate child of decedent.
Respondent, nevertheless, argues that the foreign statute herein is one of inheritance rather than one of legitimation (general application), and so pursuant to Matter of Vin *367 cent (189 Misc 489) the application must be denied. The court in Matter of Vincent found the Haitian statute in question to be one of inheritance, and so ruled that the child born out of wedlock was an illegitimate child who could not inherit from decedent. That court differentiated between a statute which makes a child born out of wedlock legitimate for all purposes from one which simply affects rights of inheritance.
Such a distinction has been severely critized by Surrogate Sobel (Matter of Ortiz, 60 Misc 2d 756, 763, supra; see dissenting opinion of Chief Judge Clark, Robles v Folsom, 239 F2d 562, 565-568). Not only does this court agree with Surrogate Sobel that there is no real distinction, and any difference is one of semantics, but it notes that the Court of Appeals in the case of Miller v Miller (supra, at p 317) failed to make such a distinction when confronted with a foreign country’s statute which declared the rights of illegitimate children to be equal with legitimate children “as regards the right of inheritance”. Moreover, public policy does not support such a distinction. Finally, even if such a distinction were sound, which it is not, the English statute in question is one more of a general application rather than limited solely to inheritance. Therefore, this court finds that Katherine is the legitimate child of decedent and entitled to share in the estate.
Accordingly, the application is granted.